GIOVANNI O. RUGAMAS, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK; and THE HONORABLE ABBI SILVER, District Judge, Respondents, and THE STATE OF NEVADA, Real Party in Interest.

No. 62251

July 3, 2013

305 P.3d 887

[Rehearing denied September 26, 2013]
[En banc reconsideration denied January 24, 2014]

*Philip J. Kohn*, Public Defender, and *Jennifer L. Schwartz*, Deputy Public Defender, Clark County, for Petitioner.

*Catherine Cortez Masto*, Attorney General, Carson City; *Steven B. Wolfson*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Real Party in Interest.

426

Before GIBBONS, DOUGLAS and SAITTA, JJ.

## OPINION

By the Court, SAITTA, J.:

The State sought an indictment against petitioner Giovanni O. Rugamas on charges of sexual assault and lewdness involving a child who was under 10 years of age. During the grand jury proceedings, the State presented testimony about out-of-court statements made by the child-victim describing the alleged sexual conduct. With some exceptions, an out-of-court statement offered to prove the truth of the matter asserted is "hearsay." NRS 51.035. Under Nevada law, a grand jury cannot receive hearsay. NRS 172.135(2).

In this original writ proceeding, we consider whether the child-victim's out-of-court statements were properly received by the grand jury on either of two grounds: as non-hearsay because they were inconsistent with the victim's grand jury testimony or as admissible hearsay under NRS 51.385, which provides that statements about any act of sexual conduct made by a child who was less than 10 years old are admissible "in a criminal proceeding" if a court finds sufficient guarantees of trustworthiness. We conclude that the statements were not properly before the grand jury. Because the victim was not subject to cross-examination concerning the out-of-court statements, those statements were not excluded from the definition of hearsay under NRS 51.035(2)(a). Although hearsay that falls within a statutory exception set forth in NRS Chapter 51 may be considered by a grand jury, *Gordon v. Eighth*

*Judicial Dist. Court*, 112 Nev. 216, 223, 913 P.2d 240, 245 (1996), we conclude that the exception in NRS 51.385 for trustworthy statements by a child-victim of sexual assault does not apply to grand jury proceedings. Because the statements were hearsay and did not fall within an exception that makes hearsay admissible, the grand jury could not consider the statements. Absent the hearsay evidence, there was not sufficient legal evidence to support a finding of probable cause and the indictment cannot stand. We therefore grant the petition.

## FACTS AND PROCEDURAL HISTORY

Rugamas is awaiting trial on an indictment charging him with one count of sexual assault of a minor under the age of 14 years and one count of lewdness with a child under the age of 14 years. *See* NRS 200.366(3)(c); NRS 201.230(1). At the grand jury hearing, the State presented the testimony of four witnesses: the alleged victim (A.C.), her sister (Y.V.), her mother (Elsa), and a forensic interviewer with the Southern Nevada Children's Assessment Center (Faiza Ebrahim).

The State presented evidence that Rugamas sometimes took care of the victim and her sisters, and that on one such occasion, he locked himself and the victim in a bedroom and touched her vaginal area both over and under her clothing. Unfortunately, A.C., who was six years old at the time of the hearing, was unable to recall significant details of the alleged sexual conduct other than Rugamas locking her in a bedroom while she and her sisters were in his care. She also did not remember telling the other witnesses that Rugamas sexually abused her.

Y.V. witnessed part of the incident but not any sexual conduct. She testified that she saw Rugamas put a blanket over A.C.'s head, take her to a bedroom, and shut the door and that she heard A.C. crying and unsuccessfully tried to open the locked bedroom door. Although Y.V. looked under the bedroom door, she could not see into the room. In addition to her observations, Y.V. testified to a statement made by the victim. Y.V. testified that sometime after the bedroom incident, A.C. told her that Rugamas had touched her and she pointed to her "private."

Elsa did not witness any of the conduct. She testified to statements that Y.V. and A.C. made to her. During a discussion with her daughters about inappropriate touching, Y.V. told her that Rugamas put A.C. in a room with him and Y.V. heard A.C. cry, but Y.V. could not access the room. When Elsa asked A.C. where Rugamas touched her, A.C. held up two fingers and pointed toward her vaginal area.

Ebrahim testified about her interview with A.C. and statements that A.C. made during the interview. A.C. told Ebrahim that Rugamas spanked her bottom with a belt and touched her vaginal area with his hand under her clothing and that "it hurt." When asked where it hurt, A.C. indicated that it hurt inside her "private." A.C. told Ebrahim that Rugamas also touched her vaginal area on top of her clothes. A.C. told Ebrahim that the incident occurred in a bedroom, she cried, and Rugamas told her not to tell anyone. At the conclusion of the testimony, the grand jury returned a true bill.

Rugamas filed a pretrial petition for a writ of habeas corpus challenging the grand jury proceedings on several grounds, including that the indictment was based on hearsay in violation of Nevada law. The State responded, asserting that the subject evidence was admissible under NRS 51.385. Rugamas countered, arguing that NRS 51.385 does not apply to grand jury proceedings because the statute conditions admissibility of the evidence upon a court making a determination that the evidence contains guarantees of trustworthiness. The district court denied the petition after a hearing. In its written order, the district court concluded that the victim's statements were not hearsay because they were prior inconsistent statements, and if they were hearsay, they were admissible under NRS 51.385. This original petition for extraordinary relief followed.

## DISCUSSION

Rugamas argues that the district court manifestly abused its discretion by denying his pretrial habeas petition because the grand jury was presented with nothing but inadmissible hearsay evidence and therefore the indictment was deficient. In particular, he argues that the testimony of Y.V., Elsa, and Ebrahim could not be admitted under NRS 51.385 until a court conducted a hearing and determined the trustworthiness of A.C.'s statements, and, because that was not done here, the challenged evidence remained inadmissible at the grand jury hearing. As to the district court's conclusion that the evidence was admissible as prior inconsistent statements, Rugamas argues that the district court's decision was wrong because he had no opportunity to cross-examine A.C. as required by NRS 51.035(2)(a).[1]

---

[1]Rugamas also argues that the grand jury proceedings were deficient because the prosecutor failed to notify him of the time and date of the grand jury hearing as required by NRS 172.241 and did not present exculpatory evidence at the hearing as required by NRS 172.145(2). Because we grant Rugamas' petition on another basis, we need not consider those challenges.

*Availability of writ relief*

Rugamas seeks a writ of prohibition or mandamus. A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Because the district court had jurisdiction to consider Rugamas' pretrial petition for a writ of habeas corpus by virtue of NRS 34.700 and Rugamas' petition did not challenge the district court's jurisdiction to proceed, prohibition is not an appropriate avenue for extraordinary relief.

Rugamas' original petition better suits the counterpart to prohibition, the writ of mandamus. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *see Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The writ will not issue, however, if a petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170. Here, Rugamas has another remedy: if he is convicted, he could appeal from the judgment of conviction, *see* NRS 177.015(3), and seek review of the district court's pretrial order as an intermediate order, NRS 177.045. *See generally Lisle v. State*, 114 Nev. 221, 224, 954 P.2d 744, 746 (1998). But that remedy is not adequate because a conviction would render any error in the grand jury proceeding harmless. *See id.* at 224-25, 954 P.2d at 746-47.

Ultimately, the decision to entertain an extraordinary writ petition lies within our discretion. In exercising that discretion, we must "consider[ ] whether judicial economy and sound judicial administration militate for or against issuing the writ." *Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hildalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008). "Where the circumstances establish urgency or strong necessity, or an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction, this court may exercise its discretion to consider a petition for extraordinary relief." *Schuster v. Eighth Judicial Dist. Court*, 123 Nev. 187, 190, 160 P.3d 873, 875 (2007). Rugamas' petition raises an important issue of law that needs clarification: the applicability of

NRS 51.385 to grand jury proceedings. Although we generally refrain from reviewing pretrial challenges to the sufficiency of an indictment by way of a writ petition, *see Kussman v. Eighth Judicial Dist. Court*, 96 Nev. 544, 545-46, 612 P.2d 679, 680 (1980), we have considered petitions when the case "involves only a purely legal issue," *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 565, 816 P.2d 458, 460 (1991). This is such a case. We therefore elect to exercise our discretion and consider the merits of the petition.

## *Hearsay and grand jury proceedings*

The Nevada Legislature has chosen to preclude a grand jury from considering hearsay evidence. Under Nevada law, a "grand jury can receive none but legal evidence . . . to the exclusion of hearsay or secondary evidence." NRS 172.135(2). The threshold question thus is whether the victim's out-of-court statements were hearsay for purposes of NRS 172.135(2).

We have observed that the "definition of hearsay as used in NRS 172.135(2) is the same as that found in NRS 51.035." *Gordon v. Eighth Judicial Dist. Court*, 112 Nev. 216, 223, 913 P.2d 240, 245 (1996). NRS 51.035 defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted. Excluded from that definition, however, are certain statements made by a person who testifies at the proceeding and is subject to cross-examination about the statements and certain statements made or adopted by a party-opponent or made by a party-opponent's agent or coconspirator. NRS 51.035(2), (3). Here, the district court determined that the victim's statements were not hearsay because they were inconsistent with her grand jury testimony.

When a witness's out-of-court statements are inconsistent with her testimony, those statements are not hearsay if the witness "testifies at the . . . hearing and is subject to cross-examination concerning the statement." NRS 51.035(2)(a). If these requirements are met, the statements are admissible as substantive evidence, *Miranda v. State*, 101 Nev. 562, 567, 707 P.2d 1121, 1124 (1985), *overruled on other grounds as recognized in Bejarano v. State*, 122 Nev. 1066, 1076 n.34, 146 P.3d 265, 272 n.34 (2006), even in grand jury proceedings, because they are by definition not hearsay. At least one of the statutory requirements was not met here. Although the victim testified at the grand jury hearing, she was not subject to cross-examination concerning the statements. The statements therefore were not excluded from the definition of

hearsay under NRS 51.035(2)(a). The district court's application of the law in this respect is clearly erroneous.[2]

As a secondary basis for its determination that the statements were not hearsay, the district court also observed that the statements were "impeachment evidence of the victim." This is true as a general proposition—a witness's inconsistent statements may call the witness's veracity into question, thus impeaching the witness's credibility. Inconsistent statements may be used as impeachment evidence consistent with NRS 50.075 (cited in the district court's order) and NRS 50.135. *See Miranda*, 101 Nev. at 567, 707 P.2d at 1124. When used solely for the limited purpose of impeachment, inconsistent statements are not hearsay because they are not being offered for the truth of the matter asserted in the statements. *See* NRS 51.035. But here the statements were used primarily (if not entirely) for the truth of the matter asserted in the statements—the statements were offered to prove that Rugamas touched the victim's vaginal area over and under her clothing; there was no other evidence offered to prove that conduct. Evidence that is offered for the truth of the matter asserted is being used as substantive evidence. *See Black's Law Dictionary* 640 (9th ed. 2009) (defining "substantive evidence" as that "offered to help establish a fact in issue, as opposed to evidence directed to impeach or to support a witness's credibility"). Inconsistent statements may be used as substantive evidence only if they meet the requirements of NRS 51.035(2)(a); otherwise, they may be used solely for the limited purpose of impeachment.[3] *See* 30B Graham, *supra*, § 7011, at 123-24 (referring to parallel provisions in federal evidence rules). The district court's application of the law in this respect is clearly erroneous.

### NRS 51.385 and grand jury proceedings

Our conclusion that the statements were hearsay is not dispositive of the petition because the statutory exclusion of hearsay in

---

[2]Although A.C.'s statements to Y.V. and Elsa about where Rugamas touched her were nonverbal (she pointed toward her vaginal area), her nonverbal conduct was intended as an assertion that Rugamas touched her private area. Those nonverbal assertions constituted hearsay. *See* NRS 51.045(2); *see also* 30B Michael H. Graham, Federal Practice & Procedure § 7002, at 24-25 (interim ed. 2011) ("Nodding, pointing, and the sign language of the hearing impaired are as plainly assertions as are spoken words.").

[3]Because the statements were not used for the limited purpose of impeachment, we need not address whether the testimony about the statements was extrinsic evidence of the victim's prior inconsistent statements that would have been inadmissible under NRS 50.135(2) because Rugamas had no opportunity to cross-examine the victim about the statements.

grand jury proceedings "is subject to the hearsay exceptions" set forth in NRS Chapter 51. *Gordon,* 112 Nev. at 223, 913 P.2d at 245; *see also Phillips v. Sheriff,* 93 Nev. 309, 312, 565 P.2d 330, 332 (1977) (concluding that statements that fit hearsay exception for dying declarations under NRS 51.335 may be considered by grand jury). The district court determined that the statements were admissible under the hearsay exception set forth in NRS 51.385(1). That statute allows the admission "in a criminal proceeding" of statements by a child under the age of 10 describing any act of sexual conduct or physical abuse if the child testifies at the proceeding or is unavailable or unable to testify and "[t]he court finds, in a hearing outside the presence of the jury," that there are sufficient guarantees that the statements are trustworthy. In making the trustworthiness determination, the court must consider several factors, including whether: "(a) The [child's] statement was spontaneous; (b) The child was subjected to repetitive questioning; (c) The child had a motive to fabricate; (d) The child used terminology unexpected of a child of similar age; and (e) The child was in a stable mental state." NRS 51.385(2).

The hearsay exception set forth in NRS 51.385 is markedly different from other statutory hearsay exceptions. Unlike most other statutory hearsay exceptions, NRS 51.385 attaches specific conditions to the admission of evidence that necessitate a hearing and findings by the court before the evidence is admissible. *Lytle v. State,* 107 Nev. 589, 591, 816 P.2d 1082, 1083 (1991), *overruled on other grounds by Braunstein v. State,* 118 Nev. 68, 77, 40 P.3d 413, 420 (2002). We have described the statute as providing a setting in which "reliability may be more vigorously contested and more accurately discerned." *Bockting v. State,* 109 Nev. 103, 109, 847 P.2d 1364, 1368 (1993). The language in the statute and the nature of grand jury proceedings lead us to conclude that this statutory hearsay exception does not apply to grand jury proceedings.

In deciding whether NRS 51.385 applies to grand jury proceedings, we first look to the plain language of the statute. "When a statute is facially clear, this court will give effect to the statute's plain meaning and not go beyond the plain language to determine the Legislature's intent." *Sonia F. v. Eighth Judicial Dist. Court,* 125 Nev. 495, 499, 215 P.3d 705, 707 (2009); *Speer v. State,* 116 Nev. 677, 679, 5 P.3d 1063, 1064 (2000) ("'Generally, when the words in a statute are clear on their face, they should be given their plain meaning unless such a reading violates the spirit of the act.'" (quoting *Anthony Lee R. v. State,* 113 Nev. 1406, 1414, 952

P.2d 1, 6 (1997))). The plain language of the statute contemplates admission of evidence in a *criminal proceeding before a court*. We conclude that a grand jury hearing is not the same as a criminal proceeding conducted before a court. As a general matter, the grand jury is an arm of the court and the court that impanels the grand jury also supervises its proceedings, *see* NRS 172.097, but nothing in our statutes, the Nevada Constitution, or this court's jurisprudence suggests that the district court's supervisory authority extends to ruling on evidentiary matters or presiding over the grand jury proceedings in the manner that a judge presides over a trial. *See In re Report of Washoe Cnty. Grand Jury*, 95 Nev. 121, 126-27, 590 P.2d 622, 626 (1979) (observing that ''the court presides at the impanellment of the grand jury (Art. 6, § 5, Nev. Const.; NRS 6.110-.140), receives presentments and indictments (Art. 6, § 5, Nev. Const.; NRS 172.255; NRS 172.285), determines when a grand jury shall be impanelled (NRS 6.110, NRS 6.130), charges the grand jury as to its authorities and responsibilities (NRS 172.095), . . . determines when a grand jury is to be discharged, recessed (NRS 6.145), or a juror excused (NRS 172.275),'' and ''has the limited power to review reports of grand juries within its jurisdiction prior to publication''). Instead, ''[a]s a practical matter . . . it is the district attorney who is continually interacting with the grand jurors.'' Legislative Commission of the Legislative Counsel Bureau, *Study of the Law, Rules and Practices Relating to the Grand Jury in Nevada*, Bulletin No. 85-17, at 8 (Nev. 1984). The district attorney ''inform[s] the grand jurors of the specific elements of any public offense which they may consider as the basis of the indictment,'' NRS 172.095(2), and presents evidence to the grand jury supporting its allegations against the target, after which the grand jury determines whether the allegations are supported by probable cause. And while a target may exercise his statutory right to testify at the grand jury proceeding, provided that he complies with NRS 172.241(2)(b), he may not observe or otherwise participate in the proceeding. Similarly, a target's attorney may be present during the target's testimony, but counsel may not directly address the grand jurors or participate in the proceedings. *See* NRS 172.235; NRS 172.239. Thus, whereas NRS 51.385 contemplates notice to the defendant, a ruling by a court as a precondition to admissibility, and a vigorous contest regarding the reliability of the child-victim's statements, the structure of the grand jury proceeding allows for none of these safeguards.

The State suggests that the safeguards contemplated by NRS 51.385 will not be obviated because the defendant can raise the evidentiary issue after the grand jury proceeding by filing a pretrial

petition for a writ of habeas corpus in the district court. *See generally* NRS 34.360; NRS 34.500; NRS 34.700; NRS 34.710. We reject that argument for three reasons. First, the plain language of the statute does not support after-the-fact review, particularly considering how grand juries work, as we have explained above. Second, the focus of the grand jury is to determine whether the evidence presented establishes probable cause. Introducing evidence that is unrelated to proving the elements of an alleged offense but necessary to develop a record for an after-the-fact challenge to the admissibility of that evidence that may never be pursued is not only a distraction to the grand jury but is irrelevant to its task. And finally, an after-the-fact determination places the burden on the defendant both to challenge the evidence and to establish that it was improperly received by the grand jury when NRS 51.385 normally would put the burden on the State to give pretrial notice of its intent to offer the statements and to establish that the statements are trustworthy. *See Felix v. State*, 109 Nev. 151, 181, 849 P.2d 220, 240-41 (1993) (indicating that district court erred by placing burden of challenging reliability of victim's statement under NRS 51.385 on defense), *superseded on other grounds by statute as stated in Evans v. State*, 117 Nev. 609, 625, 28 P.3d 498, 509-10 (2001). Although we have allowed for harmless-error review on appeal when the trial court failed to conduct a trustworthiness hearing under NRS 51.385, *Braunstein*, 118 Nev. at 77, 40 P.3d at 420, the after-the-fact review contemplated by the State is not the same. In the harmless-error context on appeal, the defendant had an opportunity before and at trial to ensure that the district court conducted the trustworthiness hearing before admitting the evidence. The same is not true in the grand jury context. And in the harmless-error context on appeal, we have explained that automatic reversal does not serve a useful purpose, particularly where the child testifies at trial and is subject to cross-examination. *Id.* at 77-78, 40 P.3d at 420. Again, the same does not hold true in the grand jury context. Considering the plain language and requirements of NRS 51.385, as well as the structure of grand jury proceedings, we conclude that NRS 51.385 does not apply to evidence presented to a grand jury. Therefore, the testimony of Y.V., Elsa, and Ebrahim about the victim's out-of-court statements regarding Rugamas' sexual conduct was not admissible at the grand jury proceeding under NRS 51.385. The district court's application of the law in this respect is clearly erroneous.

Having concluded that the victim's out-of-court statements describing Rugamas' alleged sexual conduct were hearsay and could not be admitted at the grand jury proceeding under the hearsay exception set forth in NRS 51.385, we must determine whether

" 'there is the slightest sufficient legal evidence and best in degree appearing in the record' " on which we may sustain the grand jury's probable-cause determination. *Avery v. State*, 122 Nev. 278, 285, 129 P.3d 664, 669 (2006) (quoting *Robertson v. State*, 84 Nev. 559, 561-62, 445 P.2d 352, 353 (1968)). The grand jury's probable-cause determination "may be based on slight, even 'marginal' evidence." *Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (quoting *Perkins v. Sheriff*, 92 Nev. 180, 181, 547 P.2d 312, 312 (1976)). In other words, the prosecution must merely show " 'enough evidence to support a reasonable inference' that the defendant committed the crime charged." *Sheriff v. Burcham*, 124 Nev. 1247, 1258, 198 P.3d 326, 333 (2008) (quoting *Hodes*, 96 Nev. at 186, 606 P.2d at 180). Aside from the victim's hearsay statements, no other evidence introduced at the grand jury hearing provided sufficient description of Rugamas' alleged sexual conduct to satisfy the elements of the charged offenses. Left with insufficient evidence to support the probable-cause determination, we are compelled to conclude that the indictment is fatally deficient, and therefore the district court manifestly abused its discretion by denying Rugamas' habeas petition. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion as clearly erroneous interpretation or application of a law or rule). Therefore, we grant Rugamas' petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Rugamas' petition for a writ of habeas corpus and enter an order consistent with this opinion.

GIBBONS and DOUGLAS, JJ., concur.