NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

                Petitioner,

    v.

LOWELL JAMES THOMPSON IV,

                Respondent.

Court of Appeals No. A-12764
Trial Court No. 3PA-16-424 CR

O P I N I O N

No. 2595 — April 20, 2018

Petition for Review from the Superior Court, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Petitioner. Lars Johnson, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

In 2015, the Alaska Legislature amended AS 12.55.027(d) to give trial courts the authority to grant credit against a sentence of imprisonment for time that the defendant spent on electronic monitoring as a condition of bail release, provided that certain statutory requirements are met. One of these requirements is that the person "has not committed a criminal offense while under electronic monitoring."

In this case, we are required to decide a question relating to criminal defendants who violated a condition of their bail release while on electronic monitoring between July 12, 2016 and November 27, 2017. Did a violation of bail conditions during this 16-month period constitute a "criminal offense" — thus disqualifying the defendant from receiving credit toward their sentence under AS 12.55.027(d) for the time they spent on electronic monitoring?

The significance of these two dates — July 12, 2016 and November 27, 2017 — lies in the fact that, during the past two years, the Alaska Legislature has twice amended AS 11.56.757, the statute that forbids a person from violating the conditions of their bail release.

Before July 12, 2016, Alaska law clearly stated that it was a crime to violate the conditions of one's bail release. The pre-July 2016 version of AS 11.56.757(b) declared that a person who violated a condition of their bail release was guilty of a class A misdemeanor if they were released on a felony charge, or guilty of a class B misdemeanor if they were released on a misdemeanor charge. [1]

But the legislature amended AS 11.56.757 effective July 12, 2016. [2] Under this amended version of the statute, a person who violated a condition of their bail release was guilty only of "a violation punishable by a fine of up to $1,000".

---

[1] Enacted by SLA 2000, ch. 124, § 3.

[2] SLA 2016, ch. 36, §§ 29-30.

This was a significant change because, under the Alaska Criminal Code, the term "violation" has a specialized meaning: it is "a noncriminal offense punishable only by a fine", and "conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime". AS 11.81.900(b)(65).

Then, in late 2017, the legislature amended AS 11.56.757 again. Under the current version of this statute, which took effect on November 27, 2017,[3] violating one's conditions of bail release is again a crime — a class B misdemeanor.

The question presented in this case is whether, during this interim period of approximately 16 months, a violation of one's conditions of release stopped being a "criminal offense" — so that defendants on electronic monitoring who violated their conditions of bail release in non-criminal ways did not forfeit the credit they had accrued toward their sentence under AS 12.55.027(d).

As we explain in this opinion, we conclude that, during this 16-month period, defendants who violated their conditions of bail release in a non-criminal way (*i.e.*, other than by committing a new crime) did not "commit a criminal offense" for purposes of AS 12.55.027(d) — and, thus, the defendant's violation of their conditions of release did not disqualify them from getting credit against their sentence for the time they spent on electronic monitoring.

*Underlying facts*

In February 2016, Lowell James Thompson IV was arrested on various charges, including driving under the influence and felony eluding. Thompson was released on pre-trial bail, with a condition of electronic monitoring. Thompson's other bail conditions included prohibitions on his use of alcohol and controlled substances.

---

[3] SLA 2017 (4th Special Session), ch. 1, §§ 19-20, effective Nov. 27, 2017.

On July 12, 2016, while Thompson was on electronic monitoring, a new version of AS 11.56.757 took effect. Under this new version, the act of violating the conditions of one's bail release was no longer a misdemeanor, but only a violation.

Two weeks later, on July 27, Thompson was remanded to custody following his arrest for two new crimes: fourth-degree assault and fourth-degree criminal mischief. The State also alleged that Thompson violated the bail condition that forbade him from consuming alcohol.

On August 2, 2016, Thompson was released on electronic monitoring again. Two and a half months later, on October 19, 2016, Thompson was again remanded to custody after his urine tested positive for heroin, cocaine, and methamphetamine. Thompson was not released on bail again in this case.

Thompson ultimately reached a plea agreement with the State. Under the terms of this agreement, Thompson pleaded guilty to driving under the influence and to felony eluding. The State dismissed the other charges, including the fourth-degree assault and fourth-degree criminal mischief charges for which Thompson was arrested during his first period of electronic monitoring release.

Thompson received a composite sentence of 3 years and 90 days, with 60 days suspended. At his sentencing, Thompson asked the superior court to give him credit against this sentence under AS 12.55.027(d) for the approximately seven months — a total of 214 days — that he spent on electronic monitoring.

The State argued that Thompson was disqualified from receiving any credit against his sentence because, both times that he was released on electronic monitoring, he violated the conditions of his release — by consuming alcohol and by committing new crimes during his first release, and by using illegal drugs during his second bail release.

Thompson responded that, under the newly amended version of AS 11.56.757, his violations of the conditions of his release did not qualify as "criminal offenses" for purposes of AS 12.55.027(d), and thus he was still eligible to receive credit for the time he spent on electronic monitoring.

The superior court agreed that Thompson's violations of the conditions of his release no longer constituted criminal offenses under Alaska law, and the court therefore granted Thompson the credit that he requested. The court's order did not address the State's claim that Thompson committed new crimes (fourth-degree assault and fourth-degree criminal mischief) during his first period of release on electronic monitoring.

The State then petitioned this Court to review the superior court's ruling.

*Why we conclude that defendants who violated the conditions of their bail release (other than by committing a new crime) between July 12, 2016 and November 27, 2017 remained eligible for credit against their sentences under AS 12.55.027(d) for the time they spent on electronic monitoring*

At first blush, the answer to the question in this case might appear to be straightforward. Under AS 12.55.027(d), a person who is released on electronic monitoring forfeits the credit they might otherwise have received against their sentence if they "committed a criminal offense while under electronic monitoring". From July 12, 2016 until November 27, 2017, the act of violating one's conditions of bail release was only a "violation" — a non-criminal offense. Thus, a person who was released on electronic monitoring during this 16-month period did not commit a "criminal offense" if they violated their conditions of release in some way other than committing a new crime.

But under Alaska law, courts employ a "sliding scale" approach to statutory interpretation. We do not mechanically apply the "plain meaning" of the statutory language, even if that language is facially unambiguous. [4] Instead, we look both to the wording of the statute and to its legislative history to see if we can ascertain the legislature's intent when it passed the statute. [5]

Here, the State argues that the legislative history of AS 12.55.027(d) evinces a clear legislative intent to deny electronic monitoring credit to any defendant who violated the conditions of their bail release, even if that violation of conditions was not independently a crime. Under Alaska's "sliding scale" approach to statutory interpretation, the State is entitled to make that argument. But even under that "sliding scale" approach, the plainer the statutory language is, the more convincing the evidence of a contrary legislative intent must be. [6]

Here, there is nothing facially ambiguous about the wording of AS 12.55.027(d). This statute provides, in pertinent part, that a court may not grant credit against a sentence of imprisonment for time that the defendant spent on electronic monitoring "if the [defendant] has ... committed a criminal offense while under electronic monitoring".

This statutory credit was enacted in 2015. [7] At that time (as we have already explained), AS 11.56.757 made it a crime to violate the conditions of one's bail release. Thus, when the legislature enacted the present statutory provisions giving credit

---

[4]   *State v. Fyfe*, 370 P.3d 1092, 1094 (Alaska 2016).

[5]   *Ibid.*

[6]   *Ibid.*

[7]   SLA 2015, ch. 20, §§ 1-3.

for electronic monitoring, the phrase "criminal offense" included any violation of the defendant's conditions of release.

The legislative history of AS 12.55.027(d) also makes clear that the legislature understood that this was the case — and that the legislature fully intended to deny electronic monitoring credit to a defendant who violated the conditions of their bail release.

The sponsor of the "credit for electronic monitoring" law, Representative Tammie Wilson, specifically stated that the intent of her legislation was to grant credit to defendants on electronic monitoring only if "they follow the judge's orders and obey the laws of the land." Other legislative discussions of the proposed law also focused on the requirement that the defendant comply with all the conditions of their bail release in order to obtain credit for time spent under electronic monitoring. [8]

Various legislators requested — and received — clarification of this exact point. In a House Finance Committee hearing on April 6, 2015, for example, Representative David Guttenberg asked for clarification of the statutory language "has not committed a criminal offense". [9] Rep. Guttenberg pointed out that a defendant's bail conditions often prohibit conduct that is not itself criminal; for example, a judge can order a defendant not to drink alcoholic beverages while on bail release, or can order the defendant not to contact the victim or other witnesses. In response, the bill's sponsor, Rep. Wilson, reminded Rep. Guttenberg that *any* violation of a condition of bail release constituted a "criminal offense" under Alaska law — and she declared that the intent of

---

[8] These discussions are found in the audio record of the House Judiciary Committee's meeting of March 23, 2015, from 1:04:49 to 2:36:32.

[9] This question, and the discussion it engendered, are found in the audio record of the House Finance Committee's meeting of April 6, 2015, from 2:43:40 to 2:47:36.

the proposed law was to preclude electronic monitoring credit for defendants who violated any of the conditions of their release. [10]

A similar discussion occurred at a Senate Judiciary Committee hearing on April 15, 2015. At that hearing, Senator Bill Wielechowski discussed a hypothetical situation in which a defendant was on electronic monitoring for a year and then violated the conditions of their release by drinking alcoholic beverages. Sen. Wielechowski wanted clarification as to whether this defendant would lose their electronic monitoring credit for the whole year, or only for the day on which the drinking occurred. A member of the legislative staff replied that the intent of the bill's sponsor was to preclude a defendant from receiving any credit for electronic monitoring if the defendant "[did] not adhere to the rules set forth by the court." As the staffer explained, "If you ... break the law, you're not going to get the credit; and I believe that is the intent." [11]

Following this discussion, Senator John Coghill stated his view that if a person violated *any* condition of their bail, they would not receive any credit for electronic monitoring. Sen. Coghill also emphasized that the legislature needed to be very clear on this point — and he asked Rep. Wilson whether the proposed language of

---

[10] See also House Finance Committee hearing on House Bill 15, April 6, 2015 @ 2:19:30, where Rep. Wilson explained that a defendant would receive credit only if the defendant was compliant with their court-ordered conditions of release, and @ 2:27:43 - 2:28:03, where Rep. Wilson explained that, in order to receive credit for electronic monitoring, a defendant would have to comply with all the requirements imposed by the trial court. See also House Finance Committee hearing on House Bill 15, April 10, 2015 @ 2:27:08 - 2:27:19, where Rep. Les Gara stated, "If you violate your bail condition ... , you don't get this credit, because you're not allowed to commit a crime while you're out there, and violating your bail condition is a crime."

[11] Senate Judiciary Committee hearing on House Bill 15, April 15, 2015 @ 2:32:37 - 2:33:36 (containing both Sen. Wielechowski's remarks and the staffer's response).

her bill was sufficient to clearly indicate that a defendant who failed on electronic monitoring would lose "all the credit". [12]

The ambiguity on this issue only arose the following year, when the legislature amended AS 11.56.757 to reclassify the crime of violating one's conditions of bail release as a non-criminal "violation". This legislative reclassification was part of a larger 2016 omnibus criminal law reform bill that made substantive changes to a significant portion of Alaska's criminal code.

The legislature's stated purpose for this change — reclassifying a violation of bail conditions from a misdemeanor to a "violation" — was to remove the possibility of imprisonment for conduct that did not necessarily pose a threat to public safety (*i.e.*, for violations of bail conditions that did not, themselves, independently constitute a crime).

The potential impact of this reclassification on a defendant's eligibility for electronic monitoring credit under AS 12.55.027(d) was never acknowledged. Indeed, there was no discussion of this point at any of the committee hearings on the 2016 amendment to AS 11.56.757.

In its petition to this Court, the State suggests that even though the legislature de-criminalized the violation of bail conditions (by eliminating any criminal penalty for bail violations that did not independently constitute a crime), there is nothing in the legislative record to indicate that the legislature had changed its mind about denying jail credit to defendants who violated the conditions of their release while they were on electronic monitoring.

---

[12] Senate Judiciary Committee hearing of April 15, 2015 @ 2:45:10 - 2:45:33 and @ 2:48:51 - 2:49:50. *See also* Senate Judiciary Committee hearing of April 15, 2015 @ 2:32:16 - 2:32:21 (taking a drink would be considered a criminal offense if the court had prohibited alcohol consumption, because disobeying any condition of a bail order is a crime).

The State notes that the legislative record from 2015 clearly shows that the legislature wanted to deny electronic monitoring credit to defendants who violated *any* bail condition, even if the defendant's conduct did not constitute an independent crime. Based on the clarity of the 2015 debates, and based on the fact that the legislature engaged in only tangential discussions of this point in 2016, the State argues that the legislature did not intend to expand eligibility for electronic monitoring credit when they amended AS 11.56.757 in 2016.

For this reason, the State asks us to construe AS 12.55.027(d) as if it precluded electronic monitoring credit for defendants who "committed a criminal offense" (the language of the statute) *and also* for defendants who otherwise violated a condition of their bail release.

The State offers a reasonable interpretation of the events of 2015 and 2016. But it is also reasonable to construe AS 12.55.027(d) as it is written.

When the legislature enacted its omnibus criminal law reform in 2016,[13] one of the legislature's chief goals was to reduce criminal penalties for a range of conduct — types of conduct where the legislature concluded that the threat to public safety no longer justified the economic and societal costs of imprisoning offenders for lengthy periods, or where the legislature concluded that shorter penalties would achieve the same community goals. As we have explained, this was clearly the legislature's thinking when it amended AS 11.56.757 to eliminate criminal penalties for violations of bail conditions that did not, themselves, constitute new criminal offenses.

This new attitude toward non-criminal violations of bail conditions is consistent with the legislature's decision to leave the wording of AS 12.55.027(d) alone — so that defendants would continue to lose electronic monitoring credit if they violated

---

[13] SLA 2016, chapter 36 — popularly known as "Senate Bill 91".

their bail conditions by committing new criminal offenses, but defendants would no longer lose their electronic monitoring credit if they committed non-criminal violations of bail.

Because we conclude that both of these interpretations are reasonable, our decision in this case is guided by the principle that, the plainer the language of the statute, the more convincing the evidence of a contrary legislative intent must be.

Here, that principle counsels us to reject the State's proposed construction of the statute, and to affirm the trial court's ruling that Thompson's violation of his bail conditions by drinking alcoholic beverages and illicitly using drugs does not disqualify him from receiving credit for the days he spent on electronic monitoring.

*The remaining issue in Thompson's case*

Our ruling regarding the proper construction of AS 12.55.027(d) does not wholly dispose of Thompson's case.

As we explained earlier, the State argued that Thompson was disqualified from receiving electronic monitoring credit for the first period of his release because he committed new crimes — fourth-degree assault and fourth-degree criminal mischief. These charges were dismissed as part of a plea bargain. But AS 12.55.027(d) does not speak of a defendant's *conviction* of a new crime while on electronic monitoring. Rather, the statute speaks of a defendant's *commission* of a new crime.

Thus, for purposes of deciding whether Thompson is eligible to receive credit for his first period of electronic monitoring, the State must be allowed to litigate whether Thompson did in fact commit either fourth-degree assault or fourth-degree criminal mischief (or both) during that first period of electronic monitoring release.

The State must produce evidence showing that Thompson committed these crimes. But this is only a burden of production, not a burden of ultimate persuasion. Moreover, the State need not actually prosecute Thompson for these crimes by presenting witnesses. Instead, as is the case at a probation or sentencing hearing, the State may rely on hearsay reports or other forms of evidence that are shown to be reliable, even if the evidence would not be admissible at a criminal trial.

Once the State has come forward with a *prima facie* case that Thompson committed the crimes, the burden shifts to Thompson to prove, by a preponderance of the evidence, that the State's proffered evidence is insufficient, or is otherwise unreliable, and that he did not commit either fourth-degree assault or fourth-degree criminal mischief. [14]

*Conclusion*

We AFFIRM the superior court's ruling that Thompson's non-criminal violations of his conditions of bail release do not disqualify him from receiving credit for the time he spent on electronic monitoring.

However, we REMAND this case to the superior court with directions to allow the State to litigate whether Thompson committed the crimes of fourth-degree assault and fourth-degree criminal mischief during his first period of electronic monitoring release.

If the State presents a *prima facie* case that Thompson committed these crimes while on electronic monitoring, and if Thompson does not then prove by a preponderance of the evidence that he did not commit these crimes, then Thompson is

---

[14] *Cf.* AS 12.55.027(e) ("The defendant must prove by a preponderance of the evidence that the credit claimed meets the requirements of this section.").

not eligible for electronic monitoring credit for his first period of release. *See State v. Bell*, __ P.3d __, 2018 WL 1221458 at *2-4 (Alaska App. 2018).