NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

Petitioner,

v.

HARRY NORMAN POWELL,

Respondent.

Court of Appeals No. A-13326
Trial Court No. 3AN-17-07280 CR

O P I N I O N

No. 2698 — April 16, 2021

Petition for Review from the Superior Court, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: Hazel C. Blum, Assistant Attorney General, Office of Special Prosecutions, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Petitioner. Brooke V. Berens, Assistant Public Advocate, and James Stinson, Public Advocate, Anchorage, for the Respondent.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

The State has petitioned for review of a superior court order dismissing two counts of an indictment against Harry Norman Powell — one count of second-degree

sexual abuse of a minor and one count of second-degree misconduct involving a controlled substance, both involving fourteen-year-old A.S.[1]

During its presentation to the grand jury, the State introduced a video recording of a forensic interview of A.S. conducted at a child advocacy center. The State did not call A.S. as a witness.

Powell moved to dismiss the indictment, arguing that the video recording was inadmissible hearsay because it did not fall within any exception to Alaska Criminal Rule 6(r) or any general exception to the hearsay rules under the Alaska Rules of Evidence. In response, the State argued that the video recording was admissible under Alaska Evidence Rule 801(d)(3). This rule declares that the recorded pretrial statement of a child under sixteen years old is exempted from the hearsay rule if certain foundational criteria are met.

The superior court found that at least one of this rule's foundational requirements, the requirement under Evidence Rule 801(d)(3)(B) that the victim "is available for cross-examination," cannot be met at the time of grand jury. The superior court noted that there is no cross-examination at grand jury proceedings and found, based on the plain language and legislative history of Evidence Rule 801(d)(3), that this provision of the rule "contemplates a cross-examination contemporaneous to the

---

[1] AS 11.41.436(a)(1) and AS 11.71.030(a)(2), respectively. We granted the petition and ordered full briefing, but while this petition was pending, Powell died. The parties then agreed that we should decide the petition under the public interest exception to the mootness doctrine. We agree that the issues presented by this case are capable of repetition and raise important issues of first impression, and accordingly we consider the petition on the merits. *See Hayes v. Charney*, 693 P.2d 831, 834 (Alaska 1985) ("The public interest exception involves the consideration of three main factors: 1) whether the disputed issues are capable of repetition, 2) whether the mootness doctrine, if applied, may repeatedly circumvent review of the issues and, 3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine.").

introduction of the recording." The superior court accordingly granted Powell's motion to dismiss.

In its order, the superior court first drew a distinction between the provision set out in Evidence Rule 801(d)(3)(B) and one of the grand jury hearsay exceptions set out in Criminal Rule 6(r)(2). Evidence Rule 801(d)(3)(B) requires that the victim "is" available for cross-examination. In contrast, under Criminal Rule 6(r)(2), a hearsay statement by a child victim under ten years old may be admitted before the grand jury if certain circumstances are met, including that the child either testifies at the grand jury or "will be" available to testify at trial.[2]

Second, the superior court noted that the legislative sponsor of Evidence Rule 801(d)(3) declared, before the Senate Judiciary Committee, that the "most crucial aspect" of the proposed rule was that "the victim [must be] present at the proceeding and available to testify."[3]

Because the foundational requirement of Evidence Rule 801(d)(3) that the victim "is available for cross-examination" could not be met at the time of the grand jury proceeding, the court concluded that the video recording was inadmissible. The court further found that, without the video, the remaining evidence before the grand jury was insufficient to support the indictment against Powell on the two counts involving A.S.

On petition before this Court, the State argues that the video recording was admissible before the grand jury because the prosecutor had a good-faith belief at the time of the grand jury proceeding that the foundational requirements of Evidence Rule 801(d)(3) would be met at the time of Powell's trial. The State points to legislative

---

[2] Alaska R. Crim. P. 6(r)(2).

[3] Senate Judiciary Comm., Senate Bill 117, statement of Senator Hollis French, 9:31-9:33 a.m. (Mar. 31, 2005).

history suggesting that the legislature intended that a child victim under sixteen years old would only have to describe an alleged offense once, during a video-recorded interview at a child advocacy center, and would not have to discuss the offense again until the time of trial.

But it is also clear from the legislative history — and from the plain language of several of the conditions that the legislature attached to Evidence Rule 801(d)(3) — that the legislature's focus was on the admissibility of the video recording at trial. The legislative history contains no discussion of the grand jury proceeding or how the conditions that the legislature specifically included to protect a defendant's rights at trial could apply at the time of grand jury. And the legislature did not amend the criminal rules governing the admissibility of evidence before the grand jury to allow this type of hearsay to be introduced at a grand jury proceeding despite the fact that the legislature had previously amended these rules to permit other types of child hearsay statements to be presented to a grand jury.[4]

For these reasons, we agree with the superior court that the video recording of the interview with A.S. was inadmissible under Evidence Rule 801(d)(3) at Powell's grand jury proceeding. Accordingly, we affirm the superior court's dismissal of Counts I and II of Powell's indictment.

*The plain language and legislative history of Alaska Evidence Rule 801(d)(3)*

The State argues that the video recording was admissible under Alaska Evidence Rule 801(d)(3). Under this rule, the recorded statements of victims under the

---

[4] SLA 1985, ch. 41, § 1; *see also* AS 12.40.110.

age of sixteen are not hearsay and may be admitted if certain foundational requirements are met. These requirements are:

> (A)    the recording was made before the proceeding;
>
> (B)    the victim is available for cross-examination;
>
> (C)    the prosecutor and any attorney representing the defendant were not present when the statement was taken;
>
> (D)    the recording is on videotape or other format that records both the visual and aural components of the statement;
>
> (E)    each person who participated in the taking of the statement is identified on the recording;
>
> (F)    the taking of the statement as a whole was conducted in a manner that would avoid undue influence of the victim;
>
> (G)    the defense has been provided a reasonable opportunity to view the recording before the proceeding; and
>
> (H)    the court has had an opportunity to view the recording and determine that it is sufficiently reliable and trustworthy and that the interests of justice are best served by admitting the recording into evidence.[5]

The parties agree that three of these requirements — those set out in subsections (B), (G), and (H) — were not met at the time the State presented the recordings to Powell's grand jury and ordinarily cannot be met during the grand jury phase. The plain meaning of the rule therefore suggests that it is inapplicable to grand jury proceedings.

But when we interpret a statute, we do not rigidly rely upon the statute's plain meaning; instead, we employ a sliding scale approach incorporating both legislative

---

[5]    Alaska R. Evid. 801(d)(3).

history and the plain text of the statute to understand the legislature's intent.[6] The plainer the language is, the more convincing the evidence of contrary legislative purpose or intent must be.[7] In interpreting Evidence Rule 801(d)(3), we therefore look both to the plain meaning and to the legislature's purpose and intent in enacting it.

Evidence Rule 801(d)(3) was promulgated by legislative action in 2005.[8] According to the rule's sponsor, Senator Hollis French, the rule would allow child victims to describe the offense in a safe, "child friendly environment," free of the intimidating environment inherent to a courtroom.[9] The rule was intended to protect children from being re-traumatized by having to repeatedly articulate the "most shameful and painful private acts that one can imagine."[10] Instead of subjecting a child to a "gauntlet of interviews," which begin with the child's first report and continue through the child's testimony at trial, the proposed rule would allow a child to describe the incident a single time at a child advocacy center.[11] Senator French explained that "through the use of videotape, this single interview can be *the* record of the incident, and

---

[6]   *State v. Thompson*, 425 P.3d 166, 169 (Alaska App. 2018).

[7]   *Fyfe v. State*, 334 P.3d 183, 185 (Alaska App. 2014) (quoting *State, Dep't of Comm., Cmty & Econ. Dev., Div. of Ins. v. Alyeska Pipeline Serv. Co.*, 262 P.3d 593, 597 (Alaska 2011)).

[8]   SLA 2005, ch. 64, § 59.  This legislation was initially introduced in 2005 as Senate Bill 117, but it subsequently was incorporated into House Bill 53.  The portion of House Bill 53 that was previously Senate Bill 117 was signed into law as SLA 2005, ch. 64, § 59.

[9]   Senate Judiciary Comm., Senate Bill 117, statement of Senator Hollis French, 9:27-9:29 a.m. (Mar. 31, 2005).

[10]   *See* Senate Floor Session, 24th Alaska Legislature, Debate on House Bill 53, Gavel Audio Part 1 at 30:00-33:00 (May 9, 2005).

[11]   *Id.*

if used correctly, we can spare a child the pain of having to go through this story over and over and over again."[12]

Although the legislature wanted to allow the use of video recordings of the statements of child crime victims rather than live testimony under certain circumstances, it also wanted to ensure that the rule would survive a confrontation clause challenge.[13] (In *Crawford v. Washington*, the United States Supreme Court interpreted the confrontation clause of the United States Constitution to limit the government's use of testimonial hearsay in criminal cases.[14] Under *Crawford*, even if this testimonial hearsay fits within a recognized hearsay exception, it is inadmissible unless (1) the declarant testifies (and is thus available for cross-examination) at the defendant's trial or (2) the declarant is shown to be unavailable and the defendant had the opportunity to cross-examine the declarant in a previous proceeding.[15]) Senator French explained to the committee that subsection (B) of the rule — requiring that "the victim is available for cross-examination" — was included to ensure that the rule was constitutional under *Crawford*.[16]

A final goal of the legislature in enacting Evidence Rule 801(d)(3) was to ensure that permitting the use of recorded statements of child crime victims would not deprive defendants of a fundamentally fair proceeding. Senator French spoke of the need to include safeguards in the rule to avoid "leading the child . . . to an incriminating

[12]  *Id.* (emphasis added).

[13]  Senate Judiciary Comm., Senate Bill 117, 9:40-9:45 a.m. (Mar. 31, 2005).

[14]  *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

[15]  *Id.*

[16]  Senate Judiciary Comm., Senate Bill 117, statement of Senator Hollis French, 9:31-9:33 a.m. (Mar. 31, 2005).

statement." He noted that "[k]ids are obviously easily led, and it's real important that you not put words in their mouths, [that] you let them tell their own story."[17]

To protect against the possibility that children could be led to make false accusations, subsections (F) and (H) were added to the rule. These subsections require that, in order for the statements to be admissible, a trial judge must: "(1) . . . affirmatively determine that the child's statement was elicited in a neutral and non-leading manner, and (2) . . . independently evaluate the reliability and trustworthiness of the statement if it is challenged."[18] The legislature also included, in subsection (G), a requirement that the defense be given a reasonable opportunity to view the recording before the proceeding. This provision allows a defendant to have the information necessary to challenge the admission of a recording if the recording shows that the child's statement either was not elicited in the required neutral manner or is not sufficiently reliable and trustworthy.

### Why we conclude that Evidence Rule 801(d)(3) does not apply to grand jury proceedings

In Alaska, a defendant may not be held to answer for a felony crime without first being indicted by a grand jury.[19] In order for the grand jury to return an indictment on a given charge, a majority of the grand jurors must agree that the evidence is

---

[17] *Id.* at 9:28-9:30 a.m.

[18] *Augustine v. State*, 355 P.3d 573, 584 (Alaska App. 2015).

[19] Alaska Const. art. I, § 8.

sufficient to support the charge.[20]   And, with certain exceptions, hearsay is inadmissible.[21]

Grand jury proceedings are secret; only the prosecuting attorney, the witness under examination, the court clerk who is recording the proceedings, and, when needed, an interpreter, may be present while the grand jury is in session.[22]   The prosecuting attorney prepares the indictment and instructs the grand jury on the applicable law,[23] and it is the prosecutor, rather than a judge, who presides over the proceeding.   Neither the defendant nor the defendant's attorney has the right to be present.

As we have explained, the legislative history of Evidence Rule 801(d)(3) shows that when the legislature promulgated the rule, it wanted to create a procedure by which a child victim of a crime could describe the offense once, during a video-recorded interview, and would not have to discuss the offense again until the time of trial.  The State argues that the legislative goal of protecting children from having to testify repeatedly about an offense would be thwarted if the rule did not apply to grand jury proceedings.  According to the State, video recordings of a child's statement made at a child advocacy center are presumptively admissible at grand jury, and the foundational requirements of Rule 801(d)(3) may be met later, at the time of trial.

The State's argument for admissibility is grounded in Alaska Criminal Rule 6(r)(1).  The State contends that this rule relieves the prosecution of the obligation to

---

[20]   Alaska R. Crim. P. 6(n).

[21]   Alaska R. Crim. P. 6(r)(1).

[22]   Alaska R. Crim. P. 6(k), (*l*).

[23]   Alaska R. Crim. P. 6(i).

establish a foundation for the admission of evidence at the time of a grand jury proceeding. Criminal Rule 6(r)(1) provides:

> Evidence which would be legally admissible at trial shall be admissible before the grand jury. . . . Except as stated in subparagraphs (2), (3), and (6), hearsay evidence shall not be presented to the grand jury absent compelling justification for its introduction. If hearsay evidence is presented to the grand jury, the reason for its use shall be stated on the record.[24]

In the State's view, because this rule specifically allows for the admission of evidence which "would be" legally admissible at trial, a recording of a child victim's statement need not meet Evidence Rule 801(d)(3)'s foundational prerequisites for admissibility at the time it is presented to a grand jury — so long as the prosecutor believes in good faith that the recording would later be admissible at trial.

As support for its contention, the State notes that the language of subsection (r)(1) was derived from American Bar Association Standard 3.6(a).[25] That ABA Standard provided:

> A prosecutor should present to the grand jury only evidence which he believes would be admissible at trial. However, in appropriate cases the prosecutor may present witnesses to

---

[24] Subparagraph (2) permits hearsay evidence of the statement of a child abuse victim to be admitted before a grand jury under prescribed circumstances, subparagraph (3) allows the admission of certain hearsay statements of police officers on the same investigative team, and subparagraph (6) allows the admission of hearsay received from APSIN regarding prior convictions of the defendant.

[25] *State v. Gieffels*, 554 P.2d 460, 462 (Alaska 1976). *But cf.* 4 ABA Standards for Criminal Justice § 3-4.6(c) (4th ed. 2015) ("A prosecutor should present to a grand jury only evidence which the prosecutor believes is appropriate and authorized by law for presentation to a grand jury.").

summarize admissible evidence available to him which he believes he will be able to present at trial.[26]

Based on this standard, the State argues that Criminal Rule (6)(r)(1) authorizes the prosecutor to present evidence to the grand jury that the prosecutor believes in good faith will later be admissible at trial, even if the prosecutor cannot establish a foundation for the admission of the evidence at the time of the grand jury proceeding. The State maintains that because the prosecutor in this case believed that the recorded interview of A.S. would later meet the requirements of Evidence Rule 801(d)(3), the recording was admissible before the grand jury.

But there is no indication that the legislature contemplated the admission of this type of hearsay at a grand jury proceeding. The legislative history of Evidence Rule 801(d)(3) contains no discussion at all about whether or how the rule could be applied in the grand jury context. In contrast, there was extensive discussion in the legislative history about the application of the rule's requirements at trial.

For instance, as we have explained, a primary focus of the legislature's discussion was the constitutionality of the rule and the need to ensure that the child victim "is available for cross-examination" in order to meet a confrontation clause objection.[27] And, although a defendant has the right to cross-examine witnesses at trial, there is no right to cross-examination at a grand jury proceeding. Thus, the legislature's confrontation clause discussion would not apply to that context.

Another focus of the legislature was on ensuring the reliability of the child's recorded statements and protecting the defendant's right to challenge the trustworthiness

---

[26] ABA Standards Relating to the Prosecution Function and the Defense Function § 3.6(a) (Approved Draft 1971).

[27] Senate Judiciary Comm., Senate Bill 117, 9:40-9:45 a.m. (Mar. 31, 2005).

of those statements.[28] The subsections of the rule that the legislature included to protect a defendant from false accusations, subsections (F), (G), and (H), are readily applied in the trial context but cannot be applied to a grand jury proceeding. As we explained in *Augustine v. State*, subsections (F) and (H) of the rule require a trial judge: "(1) to affirmatively determine that the child's statement was elicited in a neutral and non-leading manner, and (2) to independently evaluate the reliability and trustworthiness of the statement if it is challenged."[29] Moreover, subsection (G) requires that "the defense [be] provided a reasonable opportunity to view the recording *before the proceeding*."[30] Neither of the requirements set out in subsections (G) and (H) — permitting a review of the recording by the defendant and the court prior to the pertinent proceeding — can be met at the time of grand jury.

Additionally, when the legislature promulgated Evidence Rule 801(d)(3), creating a procedure that is clearly applicable to the admission of a recorded statement of a child witness at trial, it took no action to broaden Criminal Rule 6(r)(2), the rule that allows certain hearsay statements made by child victims to be admitted at grand jury proceedings. Criminal Rule 6(r)(2), provides that, in a prosecution for child abuse, hearsay evidence of a statement related to the offense made by a child who is the victim of the offense may be admitted before the grand jury if:

---

[28] Senate Judiciary Comm., Senate Bill 117, statement of Senator Hollis French, 9:31-9:36 a.m. (Mar. 31, 2005).

[29] *Augustine v. State*, 355 P.3d 573, 584 (Alaska App. 2015). As we noted earlier, subsection (F) requires that "the taking of the statement as a whole was conducted in a manner that would avoid undue influence of the victim." And subsection (H) requires that "the court has had an opportunity to view the recording and determine that it is sufficiently reliable and trustworthy and that the interests of justice are best served by admitting the recording." Alaska R. Evid. 801(d)(3).

[30] Alaska R. Evid. 801(d)(3)(G) (emphasis added).

(i) the circumstances of the statement indicate its reliability;

(ii) the child is under 10 years of age when the hearsay evidence is sought to be admitted;

(iii) additional evidence is introduced to corroborate the statement; and

(iv) the child testifies at the grand jury or the child will be available to testify at trial.

Although this rule was promulgated by the legislature in 1985,[31] the legislature did not expand the rule's scope when it enacted Evidence Rule 801(d)(3).

The Nevada Supreme Court considered an argument similar to the one now advanced by the State when it decided *Rugamas v. Eighth Judicial District Court*.[32] In Nevada, as in Alaska, a grand jury cannot receive hearsay unless a specific exception applies.[33] The question in *Rugamas* was whether a statutory hearsay exception that allows the admission of certain statements about sexual or physical abuse, made by a victim under the age of ten, applies to grand jury proceedings.[34]

In *Rugamas*, the child victim of a sexual assault was interviewed by a forensic interviewer prior to the grand jury proceeding. The State called the child to testify before the grand jury, but the child was unable to recall significant details of the alleged sexual conduct with the defendant. The State then presented the testimony of

---

[31] SLA 1985, ch. 41, §1.

[32] *Rugamas v. Eighth Judicial Dist. Court*, 305 P.3d 887, 890 (Nev. 2013).

[33] *Id.* at 892-93.

[34] *Id.* at 894.

the forensic interviewer who told the grand jury about the statements made to her by the child about the alleged sexual assault.

At the time, the Nevada statute governing the admissibility of evidence in a grand jury proceeding stated: "The grand jury can receive none but legal evidence, . . . to the exclusion of hearsay or secondary evidence."[35] The State therefore attempted to rely on a recently-promulgated statutory hearsay exception that allowed the admission of certain statements about sexual or physical abuse, made by a victim under the age of ten.[36]

In determining whether the child hearsay exception that the State relied upon was applicable to a grand jury proceeding, the Nevada Supreme Court noted that, pursuant to the exception, hearsay may not be admitted in evidence unless the court conducts a hearing outside the presence of the jury and finds "that there are sufficient guarantees that the statements are trustworthy."[37] The court also explained that the statutory child hearsay exception "contemplates notice to the defendant, a ruling by a court as a precondition to admissibility, and a vigorous contest regarding the reliability of the child-victim's statements."[38] Because the grand jury proceeding did not afford any of these safeguards, and because the legislature did not amend the statute governing the admissibility of evidence before a grand jury when it promulgated the statutory child

---

[35] Nev. Rev. Stat. § 172.135(2) (pre-2015 version).

[36] *Rugamas*, 305 P.3d at 891.

[37] *Id.* at 894.

[38] *Id.* at 895.

hearsay exception, the court concluded that the exception did not apply to grand jury proceedings.[39]

We reach a similar conclusion here. Evidence Rule 801(d)(3) attaches specific conditions to the admission of evidence that necessitate a hearing and certain findings by the court before the evidence is admissible.[40] Because these conditions cannot be met at the time of grand jury, and because there is no indication in the legislative history that the legislature considered the application of this rule to the grand jury, we conclude that Evidence Rule 801(d)(3) does not apply to grand jury proceedings.

We acknowledge the legislature's stated goal of allowing the statement a child makes during a recorded forensic interview to be the only statement the child makes about a crime prior to being cross-examined at trial. But when the legislature promulgated Evidence Rule 801(d)(3), it did not consider the grand jury proceeding and how the rule would operate in relation to that proceeding. As a result, the rule it promulgated does not accomplish its stated goal. Moreover, the important safeguards that are provided by Rule 801(d)(3) when video recordings are offered at trial are entirely absent from a grand jury proceeding.

The separation of powers doctrine prohibits this Court from enacting legislation or redrafting defective statutes.[41] It is therefore up to the legislature in the first

---

[39] *Id.*

[40] *Augustine v. State*, 355 P.3d 573, 584-85 (Alaska App. 2015).

[41] *State v. Campbell*, 536 P.2d 105, 111 (Alaska 1975) (citing Alaska Const. art. II, § 1, and art. IV, § 1), *overruled on other grounds by Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978); *see Gottschalk v. State*, 575 P.2d 289, 296 (Alaska 1978) (noting that the court may not "step [] over the line of interpretation and engag[e] in legislation").

instance to decide whether, and under what conditions, this evidence should be admitted before a grand jury.

Because we conclude that the recordings of child advocacy center interviews cannot be admitted at a grand jury proceeding under the hearsay exception set out in Evidence Rule 801(d)(3), and because we agree with the superior court that the admission of A.S.'s recorded interview at the grand jury proceeding in this case was not harmless, we uphold the superior court's decision to dismiss Counts I and II of Powell's indictment.

*Conclusion*

We AFFIRM the superior court's dismissal of Counts I and II of the indictment.