127 P.3d 520 (2006)
Arie R. REDEKER, Petitioner,
v.
The EIGHTH JUDICIAL DISTRICT COURT OF the STATE OF NEVADA, in and for the COUNTY OF CLARK, and the Honorable Donald M. Mosley, District Judge, Respondents, and
The State of Nevada, Real Party in Interest.
No. 45083.
Supreme Court of Nevada.
February 9, 2006.
*521 Philip J. Kohn, Public Defender, and Charles A. Cano and Scott L. Coffee, Deputy Public Defenders, Clark County, for Petitioner.
George Chanos, Attorney General, Carson City; David J. Roger, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County, for Real Party in Interest.
Before the Court En Banc.

OPINION
PER CURIAM.
Petitioner Arie R. Redeker faces a capital murder trial. His petition for a writ of mandamus or prohibition challenges primarily the alleged aggravating circumstance that he was convicted of a felony involving the use or *522 threat of violence to the person of another, based on his prior conviction of second-degree arson. Because this petition raises an important issue of law which requires clarification, we grant mandamus relief.

FACTS
In December 2002, the State charged Redeker by information with murder with the use of a deadly weapon, alleging that he strangled his girlfriend Skawduan Lannan to death with a ligature on October 22, 2002. Later that month, the State filed a notice of intent to seek the death penalty, alleging two aggravating circumstances: the murder was committed by a person (1) who was under sentence of imprisonment and (2) who had been convicted of a felony involving the use or threat of violence to the person of another. In regard to the second aggravator, the notice stated that Redeker had been convicted of second-degree arson for setting fire to his and Lannan's residence in Las Vegas in June 2001. The notice gave no facts regarding the nature of the crime, simply stating: "The State will rely on the police reports, witness statements, charging documents, Judgment of Conviction, Guilty Plea Agreement and PreSentence Investigation Report associated with case C178281 to establish this aggravator."
In December 2003, Redeker moved to strike the aggravating circumstances, arguing in part that second-degree arson was not a "felony involving the use or threat of violence to the person of another," as required by NRS 200.033(2)(b). The next month the district court heard argument on the motion. Defense counsel argued that the court should not look to the facts underlying the prior conviction. The prosecutor argued the contrary and informed the court that Redeker made threats upon Lannan's life before setting their house on fire. The prosecutor also argued that the arson involved a threat to neighboring houses. After hearing the argument, the district court denied the motion to strike.
On November 15, 2004, Redeker moved to dismiss the State's notice of intent to seek the death penalty for failure to present the aggravating circumstances for a probable cause determination. The motion also contended that the State's notice failed to conform to SCR 250(4)(c) and allege "with specificity the facts on which the state will rely to prove each aggravating circumstance." The district court did not expressly decide the motion, and Redeker filed his instant petition with this court on April 15, 2005. Pursuant to this court's order, the State filed an answer. We then directed the district court to enter a written order resolving Redeker's motion of November 15, 2004. The district court entered an order denying the motion on December 21, 2005.

DISCUSSION
This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously.[1] The writ does not issue where the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law.[2] This court considers whether judicial economy and sound judicial administration militate for or against issuing the writ.[3] The decision to entertain a mandamus petition lies within the discretion of this court.[4]
Additionally, this court may exercise its discretion to grant mandamus relief where an important issue of law requires clarification.[5] The instant petition presents such an issue, and therefore we clarify in this opinion the parameters of the evidence that may be relied on to determine if a prior felony involved the use or threat of violence.

*523 Alleging with specificity the facts supporting an aggravating circumstance

On its face the State's notice of intent to seek the death penalty did not satisfy the requirements of SCR 250. SCR 250(4)(c) provides that the notice "must allege all aggravating circumstances which the state intends to prove and allege with specificity the facts on which the state will rely to prove each aggravating circumstance." The notice in this case did not allege with specificity any facts to show that Redeker was previously convicted of a felony involving the use or threat of violence to the person of another, the second alleged aggravator.
The notice alleged in pertinent part:
On October 2, 2001, Defendant entered a guilty plea pursuant to the Alford decision to Second Degree Arson in Case C178281. The case arose out of an incident on June 9, 2001, in which Defendant set fire to the residence of Defendant and Skawduan Lannan at 9749 Manheim Lane, Las Vegas, Nevada. The State will rely on the police reports, witness statements, charging documents, Judgment of Conviction, Guilty Plea Agreement and PreSentence Investigation Report associated with case C178281 to establish this aggravator.
The State maintains that this notice "alleges specific facts of the date, guilty plea, title of the criminal offense, case number, victim's name, location of crime and certain supporting documentation." Some facts are specific: the crime is clearly identified by title, date, location, case number, and victim. This would be sufficient if the aggravating circumstance in question was that Redeker had been convicted of second-degree arson. However, the aggravator is that he had been convicted of a felony involving the use or threat of violence to the person of another. None of the alleged facts indicate how the second-degree arson was a crime of violence or threatened violence to the person of another.
A year after filing the notice, the State explained, in its opposition to Redeker's motion to strike the aggravating circumstances, that it considered the crime to be violent because Redeker had made threats against Lannan's life before burning the house. Later, the State also argued that the crime involved the threat of violence because the fire endangered neighboring homes. These specific facts are not alleged in the notice. Instead, to explain and provide factual support for the alleged aggravator, the State has relied on the documents, such as police reports, named in its notice. But a defendant cannot be forced to gather facts and deduce the State's theory for an aggravating circumstance from sources outside the notice of intent to seek death. Under SCR 250, the specific supporting facts are to be stated directly in the notice itself.
Nevertheless, the State contends that any failure on its part to comply with SCR 250 "is not of constitutional moment" because Redeker had full knowledge and understanding of the specific facts that the State will rely on to prove this aggravating circumstance. Therefore, the State argues that it should be allowed to amend the notice "in the same manner as it is permitted to amend an information or indictment." The State makes this argument at the same time that it flatly rejects Redeker's contention that aggravators should be charged in an indictment or information after a grand jury or justice court has determined probable cause.[6] Thus, the State proposes that we allow it to evade the charging requirements of SCR 250 but enjoy the benefits, while avoiding the burdens, of the indictment/information process. We reject this proposal.

Prior conviction of a felony involving the use or threat of violence to the person of another
In opposing Redeker's motions below and answering Redeker's petition here, the State has made specific factual allegations regarding the prior-violent-felony aggravator. Even if these allegations had been properly charged in the notice of intent to seek death, we conclude that they do not support the aggravator.
NRS 200.033(2) provides in relevant part that a first-degree murder may be aggravated *524 if it was committed by a person who "is or has been convicted of: ... (b) A felony involving the use or threat of violence to the person of another." The State argues that Redeker's conviction of second-degree arson involved a threat of violence to his girlfriend Lannan, the eventual murder victim. Two questions arise in considering this argument. First, what evidence may be relied on to determine if a prior felony involved the use or threat of violence to the person of another? Second, does the evidence here show that Redeker's arson involved such violence or its threat?
The first question is one of law, which this court has not previously addressed. NRS 200.033(2)(b) itself does not precisely define or specifically enumerate offenses that involve the use or threat of violence, nor does it indicate what evidence is appropriate to consider in determining which offenses fit into this category. Redeker contends that only the statutory elements of an offense may be considered to determine whether it involved violence.
Redeker was convicted of violating NRS 205.015, which provides in pertinent part that "[a] person who willfully and maliciously sets fire to or burns ... any abandoned building or structure, whether the property of himself or of another, is guilty of arson in the second degree." He points out that setting fire to an abandoned building is a crime against property that entails no element of use or threat of violence to the person of another.
However, the State has cited three judicial decisions that expressly permit the consideration of evidence underlying a prior felony conviction to determine whether the offense involved violence. The Supreme Court of North Carolina has held "that the involvement of the use or threat of violence to the person in the commission of the prior felony may be proven or rebutted by the testimony of witnesses and that the state may initiate the introduction of this evidence."[7] In upholding the consideration of facts alleged in an affidavit of complaint, the Supreme Court of Tennessee stated:
In determining whether the statutory elements of a prior felony conviction involve the use of violence against the person..., we hold that the trial judge must necessarily examine the facts underlying the prior felony if the statutory elements of that felony may be satisfied either with or without proof of violence.[8]
The Supreme Court of Florida ruled similarly regarding consideration of information from a presentence investigation.[9]
Redeker and the State have also cited other judicial decisions that consider evidence underlying prior offenses but do not address whether reliance on such evidence is appropriate or should be limited in any way.[10] Among these is our own decision in Dennis v. State, where we concluded that the evidence showed that Dennis's prior felonies involved the use or threat of violence to the person of another.[11] We noted that "the State presented police reports, certified copies of the judgments of conviction from the State of Washington, and testimony from victims" to prove that a second-degree arson committed by Dennis involved the use or threat of violence to the person of another.[12] (The evidence showed that Dennis first set fire to a home occupied by someone he had a dispute with and then menaced arresting officers with a knife.)[13]
On the other hand, the Supreme Court of Arizona concluded that a sentencer may not look beyond the statutory elements of an offense in determining whether it involved *525 violence or the threat of violence.[14] That court concluded that to constitute an aggravating circumstance, "the prior conviction must be for a felony which by its statutory definition involves violence or the threat of violence on another person."[15] The court explained:
This reading of the statute guarantees due process to a criminal defendant. Evidence of a prior conviction is reliable, the defendant having had his trial and exercised his full panoply of rights which accompany his conviction. However, to drag in a victim of appellant's prior crime to establish the necessary element of violence outside the presence of a jury, long after a crime has been committed, violates the basic tenets of due process.[16]
The Arizona Supreme Court also concluded that a felony based on recklessness did not constitute one involving the use or threat of violence on another person.[17] This conclusion furthered the legislative intent that aggravating circumstances "narrow the class of death-eligible defendants."[18]
Redeker also cites Shepard v. United States, a recent decision by the United States Supreme Court that maintains a middle position as to what evidence a court can look to in determining whether a prior burglary was "generic," or "violent," under a federal sentencing provision.[19]Shepard relied on the Court's decision in Taylor v. United States,[20] which held that the federal Armed Career Criminal Act (ACCA) generally prohibits a sentencing court "from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to `look only to the fact of conviction and the statutory definition of the prior offense.'"[21] The Court reached this conclusion because it was generally supported by the language and legislative history of the statute and because of "the practical difficulties and potential unfairness of a factual approach."[22] But the Court recognized a narrow exception for burglary convictions.[23] "[A] court sentencing under the ACCA could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary."[24]
In Shepard, the Court considered a prior burglary conviction based on a guilty plea. It held that under the ACCA a sentencing court "determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" and cannot "look to police reports or complaint applications."[25]
We hereby adopt the approach taken by the Supreme Court in Taylor and Shepard in regard to determining whether a felony involved violence or its threat under NRS 200.033(2)(b). The language of NRS 200.033(2)(b)regarding a prior felony "involving" the use or threat of violencedoes not restrict the determination of the character of a felony simply to consideration of its *526 statutory elements.[26] On the other hand, the statute does not indicate that no limits should be placed on the sort of evidence that can be considered in making that determination. We believe that the approach in Taylor and Shepard answers the concerns about due process and narrowing of death eligibility identified by the Arizona Supreme Court, as well as the practical difficulties and potential unfairness of a factual approach recognized by the United States Supreme Court.
In this case, Redeker did not go to trial, so under Shepard we should look to the statutory definition, charging document, written plea agreement, transcript of the plea canvass, and any explicit factual finding by the district court to which Redeker assented to determine if the arson involved the use or threat of violence. The record before us does not contain the plea canvass, but Redeker pleaded guilty under North Carolina v. Alford[27] without admitting his guilt, so it is apparent that he did not assent to factual findings by the district court establishing violence or threats. Nor does the statutory definition of second-degree arson include any element of use or threat of violence to the person of another. The criminal information and written plea agreement are in the record. The information charges that Redeker committed second-degree arson on June 9, 2001, in that he did
wilfully, unlawfully, maliciously and feloniously set fire to, and thereby cause to be burned, a certain dwelling house, located at 9749 Manheim Lane, Las Vegas, Clark County, Nevada, said property being then and there the property of SKAWDUAN LANNAN, by use of open flame and flammable and/or combustible materials, and/or by manner and means unknown.
The information thus includes no allegations that Redeker used or threatened violence against anyone. And the plea agreement simply refers to the information and makes no factual allegations of its own regarding the arson. Consequently, the appropriate evidence does not show that Redeker was convicted of a felony "involving the use or threat of violence to the person of another," as required by NRS 200.033(2)(b).
Given this court's decision in Dennis,[28] it was understandable that the district court looked beyond the evidence permitted by Shepard. However, as remarked above, although in Dennis we considered evidence underlying the prior felony to determine if it was violent, we were not presented with and did not address the issue which we now decide. But even if the district court's consideration of the other evidence alleged by the State had been proper here, we conclude that the district court abused its discretion because even those allegations do not support charging the arson as an aggravating circumstance under NRS 200.033(2)(b).[29] Given the plain language of the statute and our obligation to ensure that aggravators are not applied so liberally that they fail to perform their constitutionally required narrowing function, set forth by the United States *527 Supreme Court,[30] a reasonable interpretation of the evidence here does not permit finding that the crime involved the use or threat of violence to the person of another.
In a statement Lannan wrote for police after the arson, she said that Redeker threatened her life on June 7, 2001, two days before the arson, and she and her children immediately moved out of their house to stay with her mother. Lannan also wrote that Redeker phoned her on June 9 and threatened her again. According to a fire investigator's report, Redeker's mother said that he made "a threat of violence to Ms. Lannan as well as a threat to burn the property," apparently in a phone call to his parents on June 9.
During the hearing on Redeker's motion to strike the aggravator, the prosecutor told the district court that "it's the State's theory that... the arson was committed ... for the purpose of either intimidating this victim or perhaps killing her in the home itself. We don't know whether the defendant was aware of the victim being in the house at the time or not." The prosecutor also argued that Redeker "put this entire neighborhood in danger." In denying the motion, the district court stated:
[I]t would seem that a threat was made involving arson and then, sure enough, arson occurred, and there is a probability certainly not absolute certainty, but there's certainly an arsonis fraught with the possibility of somebody being injured and so I'm going to conclude at this juncture that this aggravator would be allowed.
The arguments of the prosecutor and reasoning of the district court are faulty. First, the record does not support the prosecutor's suggestion that Redeker did not know whether Lannan was in the house when he set it on fire. The evidence shows that Lannan was living in her mother's house at the time and that Redeker called her there not long before he set the house on fire. Moreover, the fire investigation showed that Redeker had poured gasoline in the garage, the living room/kitchen, and master bedroom of the house when he set it on fire. It is evident that he knew the house was not occupied.
Second, the prosecutor argued and the district court noted that arson carries the possibility that other people may be injured, but a risk of harm to other people is not equivalent to a threat of violence to a person. The record shows that at most the arson created a potential of harm to others; this does not constitute a "threat" under NRS 200.033(2)(b).[31] In criminal law, a threat requires actual intent: "A threat can include almost any kind of an expression of intent by one person to do an act against another person, ordinarily indicating an intention to do harm."[32] There is no evidence that Redeker intended the arson to result in harm to anyone's person. And even if he intended the arson to intimidate Lannan, it still did not entail a threat of violence to the person.[33]
Finally, the evidence shows that Redeker made express threats against Lannan's life, but in this case these threats were distinct from the arson. Both the threats and the arson reflected his animus toward Lannan, but that does not mean that the arson "involved" the threats. We believe that other factual scenarios of second-degree arson could support such involvement, if shown by evidence permitted under Taylor and Shepard. By way of illustration, if Lannan had been at the house, Redeker confronted her and threatened to harm her, she fled, and he then set the house on fire, then the arson would have involved a threat of violence. Or *528 if Lannan had been in the house and Redeker knew that and set the house on fire with the intent to harm her personally, then the arson would have involved a threat of violence.[34]
Here, by contrast, the arson did not rely on or constitute a threat against the person of Lannan. Even if the allegations made in the police and fire reports could be considered, allowing the aggravator on the facts alleged in this case would so extend the aggravator that any felony property crime committed by someone who also made threats of violence against the owner (or user or occupant) of the property could be construed as a felony involving the threat of violence to the person of another. Based on this stance, if Redeker had made threats against Lannan on the phone and then stolen her car with no one else present, the theft would be considered a felony involving the threat of violence to the person of another. We conclude that the aggravator cannot be applied so broadly. The statutory language indicates that the felony itself must involve the use or threat of violence, not that the defendant made threats of violence and also committed a felony.

CONCLUSION
The State's notice of intent to seek death did not comply with SCR 250(4)(c), failing to allege with specificity any facts showing that Redeker's arson involved the use or threat of violence to the person of another. Moreover, the facts alleged in this case do not support that aggravator. We conclude that mandamus relief is warranted and grant the petition in part. We direct the clerk of this court to issue a writ of mandamus instructing the district court to strike the alleged aggravating circumstance that Redeker was convicted of a felony involving the use or threat of violence to the person of another. We also lift the stay of proceedings below imposed by this court on April 29, 2005.
NOTES
[1] See NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).
[2] NRS 34.170; Hickey v. District Court, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989).
[3] See State v. Babayan, 106 Nev. 155, 175-76, 787 P.2d 805, 819 (1990).
[4] Hickey, 105 Nev. at 731, 782 P.2d at 1338.
[5] State v. Dist. Ct. (Epperson), 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004).
[6] We have declined to address this contention by Redeker.
[7] State v. McDougall, 308 N.C. 1, 301 S.E.2d 308, 321 (1983).
[8] State v. Sims, 45 S.W.3d 1, 11-12 (Tenn.2001).
[9] See Brown v. State, 473 So.2d 1260, 1266 (Fla. 1985).
[10] See Com. v. Christy, 511 Pa. 490, 515 A.2d 832, 840-41 (1986); State v. Moore, 614 S.W.2d 348, 351 (Tenn.1981); Hopkinson v. State, 632 P.2d 79, 170-71 (Wyo.1981); Hadley v. State, 575 So.2d 145, 156-57 (Ala.Crim.App.1990).
[11] 116 Nev. 1075, 1082-83, 13 P.3d 434, 438-39 (2000).
[12] Id. at 1082, 13 P.3d at 438.
[13] Id. at 1082, 13 P.3d at 439.
[14] State v. Gillies, 135 Ariz. 500, 662 P.2d 1007, 1018 (1983); see also State v. McKinney, 185 Ariz. 567, 917 P.2d 1214, 1228 (1996).
[15] Gillies, 662 P.2d at 1018.
[16] Id.
[17] See McKinney, 917 P.2d at 1228.
[18] Id. The Arizona Legislature has since amended the statute, eliminating this issue; the statute now mandates finding an aggravating circumstance when a defendant was previously convicted of a "serious offense," which is defined by a list of specific crimes. See id. at 1229 n. 6; State v. Martinez, 196 Ariz. 451, 999 P.2d 795, 806 (2000).
[19] 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Under the federal statute, a burglary is a violent felony only if it is "generic burglary," i.e., "committed in a building or enclosed space ..., not in a boat or motor vehicle." Id. at ___, 125 S.Ct. at 1257.
[20] 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).
[21] Shepard, 544 U.S. at ___, 125 S.Ct. at 1258 (quoting Taylor, 495 U.S. at 602, 110 S.Ct. 2143).
[22] Taylor, 495 U.S. at 600-01, 110 S.Ct. 2143.
[23] Shepard, 544 U.S. at ___, 125 S.Ct. at 1258.
[24] Id. at ___, 125 S.Ct. at 1257.
[25] Id. at ___, 125 S.Ct. at 1257.
[26] Cf. Taylor, 495 U.S. at 600, 110 S.Ct. 2143.
[27] 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[28] See 116 Nev. at 1082-83, 13 P.3d at 438-39.
[29] The parties have cited as persuasive authority judicial decisions in cases that resemble but are not squarely on point with this case. Compare People v. Stanley, 10 Cal.4th 764, 42 Cal.Rptr.2d 543, 897 P.2d 481, 517 (1995) (upholding admission of evidence of a car arson as an offense that "involved an implied threat of violence against a person"), and Brown, 473 So.2d at 1266 (upholding attempted second-degree arson as a felony involving the use or threat of violence to the person because the presentence investigation showed the arson was "based on a violent incident"), with State v. Franklin, 969 S.W.2d 743, 745 (Mo.1998) (concluding that a conviction of felonious injury to a building based on dynamiting a synagogue was not a "serious assaultive" conviction because it did not involve assault upon persons), Moore, 614 S.W.2d at 351 (concluding that evidence was insufficient to show that an arson of an empty dwelling involved the use or threat of violence to the person), and Hadley, 575 So.2d at 156-57 (concluding that an attempted arson did not involve the use or threat of violence to the person where a suicidal defendant's actions did not constitute a threat of violence to arresting officers or to his mother in a nearby house). Also, as already noted, this court considered the arson in Dennis to involve a threat of violence to the person where Dennis set fire to a home occupied by someone he had a dispute with and then menaced arresting officers with a knife. 116 Nev. at 1082, 13 P.3d at 439.
[30] See, e.g., Zant v. Stephens, 462 U.S. 862, 878, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983) ("[S]tatutory aggravating circumstances play a constitutionally necessary function at the stage of legislative definition: they circumscribe the class of persons eligible for the death penalty."); Arave v. Creech, 507 U.S. 463, 474, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993) (stating that a statutory aggravating circumstance must provide a principled basis for distinguishing those who deserve a death sentence from those who do not).
[31] Cf. Christy, 515 A.2d at 841 ("It is the `threat of and not the potential for' violence that brings a crime into this category [of a felony involving the use or threat of violence to the person].").
[32] Hadley, 575 So.2d at 156 (emphases added).
[33] Cf. Hopkinson, 632 P.2d at 171 ("`Intimidate' and `threat of violence to the person' are not necessarily synonymous.").
[34] This scenario resembles the one in Dennis. See 116 Nev. at 1082, 13 P.3d at 439.