# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES RAY EARL WALKER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE DAVID B.
BARKER, DISTRICT JUDGE; AND THE
HONORABLE VALERIE ADAIR,
DISTRICT JUDGE,
Respondents,
and
RENEE BAKER,
Real Party in Interest.

No. 70766

FILED

SEP 1 6 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to disqualify Judge Valerie Adair.[1] *See* NRS 34.160; NRS 34.320; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Petitioner James Ray Earl Walker is currently litigating his second postconviction petition for a writ of habeas corpus in the district court. He filed a motion to disqualify Judge Adair based on rulings and comments she made during the litigation of his first postconviction petition.

---

[1]Petitioner alternatively seeks a writ of prohibition. Because the district court had jurisdiction to hear and decide the motion to disqualify Judge Adair, we conclude that a writ of prohibition is not available. NRS 34.320; *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (holding that a writ of prohibition "will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

16-28909

Walker argues that Chief Judge Barker manifestly abused his discretion in denying his motion to disqualify Judge Adair. He asserts that Judge Adair's statements clearly indicated that she had impermissibly closed her mind to the presentation of additional evidence. He contends that Chief Judge Barker should not have relied on Judge Adair's own assessment of her bias in denying the motion and applied an incorrect standard that failed to recognize that bias could stem from facts learned from judicial proceedings where those facts resulted in deep-seated favoritism that rendered fair judgment impossible.

Judges have a "duty to preside . . . in the absence of some statute, rule of court, ethical standard, or other compelling reason to the contrary." *Goldman v. Bryan*, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (2007) (internal quotation marks omitted). Further, "[a] judge is presumed to be impartial, and the party asserting the challenge carries the burden of establishing sufficient factual grounds warranting disqualification." *Rippo v. State*, 113 Nev. 1239, 1248, 946 P.2d 1017, 1023 (1997). "Disqualification must be based on facts, rather than on mere speculation." *Id.* "[R]ulings and actions of a judge during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification." *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988).

Walker has the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). In the context of mandamus, which is an acceptable avenue to seek judicial disqualification, *Towbin Dodge, LLC v. Eighth Judicial Dist. Court*, 121 Nev. 251, 254-55, 112 P.3d 1063, 1066 (2005), we consider whether the chief judge's ruling was a manifest abuse

or arbitrary or capricious exercise of his discretion, *Redecker v. Eighth Judicial Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006).

Walker fails to demonstrate that Chief Judge Barker manifestly abused or arbitrarily and capriciously exercised his discretion in ruling on the motion to disqualify Judge Adair. Judge Adair's affidavit concerning her alleged bias was relevant to deciding the disqualification motion. *See Goldman*, 104 Nev. at 649, 764 P.2d at 1299 (noting that this court gives substantial weight to a judge's own determination that recusal is not necessary), *disavowed on other grounds by Halverson v. Hardcastle*, 123 Nev. 245, 266, 163 P.3d 428, 443 (2007); *see also* NRS 1.235(5)(b) (providing that challenged judge may respond to affidavit seeking disqualification based on bias or prejudice, "admitting or denying any or all of the allegations contained in the affidavit and setting forth any additional facts which bear on the question of the judge's disqualification"). Moreover, Chief Judge Barker did not rely solely on Judge Adair's affidavit. Instead, his decision principally relied on his review of the entire transcript of the postconviction proceeding during which Walker asserts Judge Adair expressed her bias. Chief Judge Barker also applied the appropriate standard when evaluating Walker's motion. Although the language setting forth the legal framework relied upon in the order does not mention that a judge's opinion, even if based solely on facts learned in the proceeding, may nonetheless result in bias where that judge displays deep-seated favoritism or antagonism, Chief Judge Barker concluded that Walker failed to "portray Judge Adair as showing favoritism or antagonism towards parties." On this record, we cannot say that Chief Judge Barker arbitrarily or capriciously exercised or manifestly abused his discretion in denying the motion. *See State v.*

*Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (explaining that "[a]n arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason or contrary to the evidence or established rules of law" and that "[a] manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of the law or rule" (internal quotations, brackets, and citations omitted)). Therefore, we conclude that our intervention is not warranted and we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:  Hon. David B. Barker, District Judge
     Hon. Valerie Adair, District Judge
     Federal Public Defender/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk