# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA DEPARTMENT OF CORRECTIONS,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JENNIFER P. TOGLIATTI, DISTRICT JUDGE,<br>Respondents,<br>  and<br>SCOTT RAYMOND DOZIER,<br>Real Party in Interest. | No. 74679<br><br> |
| THE STATE OF NEVADA AND CLARK COUNTY DISTRICT ATTORNEY,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JENNIFER P. TOGLIATTI, DISTRICT JUDGE,<br>Respondents,<br>  and<br>SCOTT RAYMOND DOZIER,<br>Real Party in Interest. | No. 74722 |

## *ORDER GRANTING PETITION IN DOCKET NO. 74722 AND DENYING PETITION IN DOCKET NO. 74679*

The Clark County District Attorney's Office (CCDA) and the Nevada Department of Corrections (NDOC) have filed separate petitions seeking writs of mandamus or prohibition directing the district court to set

18·17912

aside its order enjoining the use of the drug Cisatracurium in condemned inmate Scott Dozier's execution. Having heard oral argument and considered the documents submitted in this matter, we exercise our discretion to entertain the CCDA's petition for a writ of mandamus and grant it for the reasons explained herein. *See* NRS 34.160 (explaining when a writ of mandamus may be issued); *see also Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006) (explaining that "[t]his court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously"). Accordingly, we issue a writ of mandamus directing the district court to vacate its order enjoining use of Cisatracurium in Dozier's execution. As a result, we deny NDOC's petition without expressing any opinion on its merit.[1]

*Background*

Dozier was convicted of first-degree murder and was sentenced to death. This court affirmed his murder conviction and death sentence on appeal. *Dozier v. State*, Docket No. 50817 (Order Affirming in Part, Reversing in Part, and Remanding, January 20, 2012). Dozier then filed a timely postconviction petition for a writ of habeas corpus. Eventually, he decided to suspend the postconviction proceeding and have his duly-imposed death sentence carried out. After determining that Dozier was competent to make this decision, the district court stayed the petition and signed a warrant of execution.

_____

[1]We deny Dozier's motion filed on May 8, 2018, as moot.

Despite the fact that Dozier had indicated that he did not want to pursue postconviction relief, the district court permitted attorneys from the Federal Public Defender (FPD) to associate with Dozier's state postconviction attorney. The FPD subsequently filed a "Motion for Determination Whether Scott Dozier's Execution Will Proceed in a Lawful Manner," and an accompanying motion requesting discovery regarding the drugs the State intended to use in Dozier's execution, in the postconviction case. The CCDA pointed out that Dozier had initiated the proceeding by filing a postconviction habeas petition, and issues relating to the execution protocol fell outside the scope of Nevada's postconviction statutes. *See* NRS 34.724(1); *McConnell v. State*, 125 Nev. 243, 247, 212 P.3d 307, 310 (2009) (recognizing that a postconviction petition for a writ of habeas corpus "is available to address two types of claims: (1) requests for relief from a judgment of conviction or sentence in a criminal case and (2) challenges to the computation of time that the petitioner has served pursuant to a judgment of conviction." (internal alterations and quotation marks omitted)). The FPD argued that the district court had the inherent authority to ask questions about the execution protocol because it had signed the warrant of execution and was therefore vested with the responsibility of ensuring that Dozier's execution would proceed lawfully. The district court agreed with the FPD and directed NDOC, the entity responsible for establishing the execution protocol, NRS 176.355, to respond to the motion.

NDOC filed an opposition. Although NDOC recognized that the FPD's request was procedurally improper, it expressed willingness to ignore

the procedural issues given that the date scheduled for Dozier's execution was approaching.[2] NDOC also disclosed an updated version of the execution protocol, which involved administering three drugs in succession: Diazepam, Fentanyl, and Cisatracurium. The FPD filed a reply. In it, the FPD argued that administering Cisatracurium would constitute cruel and unusual punishment in the event that the first two drugs failed because it would cause Dozier to suffocate to death while he was aware and conscious. After holding an "evidentiary hearing," which involved taking testimony from only one witness, the district court entered an order enjoining use of Cisatracurium and directing Dozier's execution to proceed with the first two drugs.

*Discussion*

The CCDA argues that the district court manifestly abused its discretion by considering the execution-protocol challenge because it was not properly before the district court. We agree. *See State v. Eighth Judicial District Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) ("A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (1997))). The proceeding at issue was initiated when Dozier filed a postconviction petition for a writ of habeas corpus, a statutory remedy provided by Nevada law. But this court has

_____

[2]Notably, NDOC repeatedly indicated that it would only ignore these issues so long as the FPD complied with requirements set out in 42 U.S.C. § 1983 and *Baze v. Rees*, 553 U.S. 35 (2008), which the FPD declined to do.

clearly stated that an inmate may *not* litigate a challenge to a lethal injection protocol in a postconviction petition because it falls outside the relatively narrow statutory framework of NRS Chapter 34. *McConnell*, 125 Nev. at 248, 212 P.3d at 311.[3] This court identified at least one method for raising such a challenge: an action pursuant to 42 U.S.C. § 1983. *Id.* at 249 n.5, 212 P.3d at 311 n.5.

The FPD did not file a § 1983 action, nor any other action recognized by Nevada law as an appropriate mechanism to challenge an execution protocol as constituting cruel and/or unusual punishment.[4] Instead, the FPD raised the challenge in a reply to an opposition to a "Motion for Determination Whether Scott Dozier's Execution Will Proceed in a Lawful Manner," in Dozier's postconviction case, after the district court suspended the postconviction proceeding. But there is no such motion in Nevada, nor are there any established rules or procedures to guide the

---

[3]We reject NDOC's position that it can waive this court's interpretation of Nevada's statutory postconviction rules. *See generally State v. Haberstroh*, 119 Nev. 173, 181, 69 P.3d 676, 682 (2003) (holding that parties cannot stipulate to disregard statutory procedural default rules).

[4]Our review of the communications between Dozier and the district court show that Dozier wanted to know how he would be executed but consistently stated that he wanted the State to carry out the death sentence and did not want counsel to take actions that might disrupt his execution. The FPD's actions in this case seem to be at odds with that directive, particularly after Dozier received the information he wanted about the protocol that would be used in his execution.

 

parties in litigating one.[5] The district court was presented with no relevant legal authority suggesting that a condemned Nevada inmate may challenge the method of execution in such a manner. The district court therefore exceeded its authority and manifestly abused its discretion when it considered the challenge.

We flatly reject the assertion that the district court had the inherent authority to consider the challenge because it had signed Dozier's warrant of execution.[6] *See Halverson v. Hardcastle*, 123 Nev. 245, 259-61, 163 P.3d 428, 438-41 (2007) (discussing the inherent authority doctrine). Reviewing courts have repeatedly made clear that "inherent power should be exercised only when *established methods fail or in an emergency situation*," *id.* at 262, 163 P.3d at 441 (emphasis added), and that courts should show "restraint in resorting to inherent power," particularly where the legislature has enacted a statute or rule covering a certain area, *Degen v. United States*, 517 U.S. 820, 823-24 (1996); *Hunter v. Gang*, 132 Nev., Adv. Op. 22, 377 P.3d 448, 454-55 (Ct. App. 2016) ("We remind courts that because inherent authority is not regulated by the Legislature or the people, it is more susceptible to misuse, and thus should be exercised sparingly."). This case exemplifies why judicial restraint is warranted. Because the FPD

---

[5]For instance, it is unclear whether hearsay may be considered, whether the requirements of SCR 250 apply, whether Dozier had the right to the effective assistance of counsel, and what standard of proof applies.

[6]The FPD's reliance on NRS 1.210(3), which discusses a court's power to compel obedience to its lawful judgments in contempt proceedings, is misplaced, as the execution protocol is not part of the warrant of execution. We also note that Dozier did not argue that the warrant of execution was facially unlawful; rather, he argued that his execution would not *proceed* in a lawful manner.

declined to follow a recognized procedure for litigating an execution protocol challenge, and instead invoked the district court's inherent authority, confusion reigned below. That confusion has spilled over to the current proceeding before this court. The parties do not agree on the type of proceeding which took place in the district court. They do not agree on which parties were properly before the district court, nor on which parties are properly before this court. They do not agree on whether we must give deference to the district court. They do not agree on whether the district court's order must be reviewed by this court by way of a writ petition, or whether the order was appealable. They do not agree on whether the hearing conducted by the district court was an evidentiary hearing, a hearing on a motion for summary judgment, or the equivalent of a bench trial on the merits of the FPD's challenge. These issues only reinforce our conclusion that the district court manifestly abused its discretion by considering the execution protocol challenge under the circumstances presented.

*Conclusion*

When proper procedures are followed, the parties, the courts, and the public tend to understand the type of case being litigated, the overall framework that applies to it, and the relevant rules and tests that control the ultimate outcome. We regret that this did not happen here. Although we recognize the importance of this matter, both to Dozier and to the citizens of the State of Nevada, the fact that this case has serious implications was all the more reason to follow established rules and

SUPREME COURT
OF
NEVADA

(O) 1947A

7

procedures rather than cast them aside as inconvenient. We cannot endorse this process. Accordingly, we

ORDER the petition for a writ of mandamus in Docket No. 74722 GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS directing the district court to vacate its order enjoining use of Cisatracurium in Dozier's execution, and ORDER the petition for a writ of mandamus or prohibition in Docket No. 74679 DENIED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

cc:    Hon. Jennifer P. Togliatti, District Judge
Attorney General/Carson City
Attorney General/Las Vegas
Federal Public Defender/Las Vegas
Oronoz & Ericsson, LLC
American Civil Liberties Union of Nevada/Las Vegas
Eighth District Court Clerk