# IN THE SUPREME COURT OF THE STATE OF NEVADA

KATIE LYNN MAYNARD; AND
ROBERT AUFDENBERG,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM D. KEPHART, DISTRICT
JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 75028

FILED

DEC 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order concerning admissibility of evidence in a criminal matter.

Petitioners were charged with child abuse with substantial bodily harm for injuries sustained by their 8-day-old son. To prove that these injuries were not accidental, the State filed a motion to admit evidence of prior acts of child abuse, which the district court granted. Petitioners now argue that the limited probative value of the prior acts, the danger of unfair prejudice, and the ineffectiveness of a limiting instruction justify this court's intervention *before* presentation of the evidence and adjudication of the facts at trial. We disagree.

18-910620

Writs of mandamus and prohibition are extraordinary remedies intended to control a manifest abuse of discretion and ensure that a tribunal does not act in excess of its jurisdiction.. NRS 34.160; NRS 34.320; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). As such, neither writ will issue "where the petitioner has a plain, speedy and adequate remedy, such as an appeal, in the ordinary course of law." *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989) (citing NRS 34.170; NRS 34.330). Petitioners here have an adequate legal remedy—they can wait until the evidence in question is used at trial and appeal the district court's order if convicted. *See* Nev. Const. art. 6, § 4; NRS 177.015(3). Therefore, we find no reason to entertain the merits of petitioners' writ at this stage of the proceedings.[1]

However, we take this opportunity to emphasize the importance of holding a full *Petrocelli*[2] hearing prior to the admission of any bad act evidence and note that a *Petrocelli* hearing may be conducted at any point up until the challenged evidence is admitted—pretrial or during trial.

---

[1]We further note that the State has not yet finalized its intended use of this evidence and, per the district court's instruction, has until trial to do so. Thus, intervening now would require us to speculate about how the evidence may be used and if its use will, in fact, be allowed, resulting in judicial inefficiency. *See Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006) (providing that in exercising its discretion to issue a writ, "[t]his court considers whether judicial economy and sound judicial administration militate for or against issuing the writ"), *limited on other grounds by Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008).

[2]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004).

Accordingly, we conclude our intervention at this juncture is premature. We therefore

ORDER the petition DENIED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. William D. Kephart, District Judge
James J. Ruggeroli
Gaffney Law
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk