# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD BURNS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KERRY LOUISE EARLEY, DISTRICT
JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 75320

FILED

FEB 25 2019

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging the denial of a pretrial petition for a writ of habeas corpus.

The State charged petitioner Leonard Burns with one count each of battery with intent to commit sexual assault and coercion (sexually motivated). At the preliminary hearing conducted on November 21, 2017, the State presented testimony from the alleged victim sufficient to establish probable cause. Burns was held to answer on both charges in district court. The district court scheduled Burns's initial arraignment for November 27, but continued the matter to December 5, due to defense counsel's absence. On December 5, defense counsel appeared, but requested another continuance to ensure that Burns would be able to invoke his right to a speedy trial, and the court continued the matter for a trial setting on the first available date – December 19. On December 19, Burns appeared in district court, pleaded not guilty, and invoked his right to a speedy trial.

19-08478

On January 5, 2018, Burns filed a pretrial habeas petition alleging that the State failed to present the requisite slight or marginal evidence sufficient to support the probable cause determination because the alleged victim recanted her preliminary hearing testimony. Following argument, the district court issued a minute order denying Burns's petition as untimely under NRS 34.700(1)(a), which provides:

> [A] pretrial petition for a writ of habeas corpus based on alleged lack of probable cause or otherwise challenging the court's right or jurisdiction to proceed to the trial of a criminal charge may not be considered unless: . . .
>
> [t]he petition and all supporting documents are filed within 21 days after the *first appearance* of the accused in the district court.

(Emphasis added.)[1] According to the district court minutes, the district court found that because Burns's "first appearance" in district court was on November 27, 2017, and because Burns did not move to extend the time to file a habeas petition, his January 5, 2018, petition was untimely. This original petition for a writ of mandamus followed.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or

---

[1]The State argues on appeal that NRS 34.700(2) also supports the district court's denial of Burns's pretrial habeas petition. We are unpersuaded. NRS 34.700(2) provides that "[t]he arraignment and entry of a plea by the accused must not be continued to avoid the requirement that a pretrial petition be filed within the period specified in subsection 1." Here, the transcripts from Burns's first three appearances clearly demonstrate that his arraignment was *not* "continued to avoid the requirement that a pretrial petition be filed within the period specified in" NRS 34.700(1). NRS 34.700(2).

 

capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011). A "writ will not issue, however, if a petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law." *Id.* (citing NRS 34.170).

Ultimately, the decision to entertain an extraordinary writ petition lies within our sole discretion. *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). In exercising that discretion, we may "grant mandamus relief where an important issue of law requires clarification." *Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008). The instant petition presents such an issue, and we therefore exercise our discretion to clarify what constitutes a defendant's "first appearance" for purposes of triggering NRS 34.700(1)(a)'s 21-day filing deadline.

Here, the district court found that Burns's "first appearance" in district court was when Burns appeared for his original arraignment on November 27, 2017, even though that appearance resulted in a continuance. Burns, however, contends that his "first appearance" for purposes of triggering NRS 34.700(1)(a) was on December 19, 2017, when he entered a plea of not guilty. We agree.

This court's "prior decisions have established that the first appearance in district court is arraignment." *Sheriff v. Jensen*, 95 Nev. 595, 596, 600 P.2d 222, 223 (1979). NRS 174.015(1) provides that an "arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating the substance of the charge and calling on the defendant to plead thereto." Thus, pursuant to *Jensen* and NRS 174.015(1), a defendant's "first appearance" for purposes

of triggering NRS 34.700(1)(a)'s 21-day filing deadline is the arraignment, which is (1) "conducted in open court and" (2) "consist[s] of reading the indictment or information to the defendant or stating the substance of the charge and calling on the defendant to plead thereto." NRS 174.015(1).

We therefore conclude that Burns's "first appearance" for purposes of triggering NRS 34.700(1)(a)'s 21-day deadline was December 19, 2017 – the date Burns was arraigned in open court and entered a plea. Therefore, Burns's pretrial petition for a writ of habeas corpus, filed on January 5, 2018, was timely. Accordingly, we

ORDER the petition GRANTED and DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying Burns's pretrial petition for a writ of habeas corpus as untimely and rule on the merits of Burns's petition.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Kerry Louise Earley, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk