135 Nev., Advance Opinion 42

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER ANDERSEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
CITY OF LAS VEGAS,
Real Party in Interest.

No. 75208

**FILED**

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of habeas corpus or, alternatively, a writ of mandamus in a criminal matter.

*Petition granted.*

The Pariente Law Firm, P.C., and Michael D. Pariente and John G. Watkins, Las Vegas; Kheel & Kheel Legal Services, PLLC, and David D. Kheel, Las Vegas,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Bradford R. Jerbic, City Attorney, and Carlene M. Helbert and Stephen Rini, Deputy City Attorneys, Las Vegas,
for Real Party in Interest.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, STIGLICH, J.:

We are asked whether the offense of misdemeanor battery constituting domestic violence is a serious offense such that the right to a jury trial is triggered. While we previously addressed and answered this question in the negative in *Amezcua v. Eighth Judicial District Court*, 130 Nev. 45, 319 P.3d 602 (2014), recent changes by our state legislature demand reconsideration. Because our statutes now limit the right to bear arms for a person who has been convicted of misdemeanor battery constituting domestic violence, the Legislature has determined that the offense is a serious one. And given this new classification of the offense, a jury trial is required. Accordingly, we grant the requested writ.

## BACKGROUND

Petitioner Christopher Andersen was arrested and charged with first-offense battery constituting domestic violence (domestic battery), a misdemeanor pursuant to NRS 200.485(1)(a), and simple battery. Before the municipal court, Andersen made a demand for a jury trial, arguing that a conviction for domestic battery was a serious offense and thus compelled a jury trial. After the municipal court denied the demand for a jury trial, Andersen entered a no contest plea to the domestic battery charge, and the charge of simple battery was dismissed.

On appeal to the district court,[1] Andersen's sole contention was that he was erroneously denied the right to a jury trial. The district court

---

[1]Andersen and the City of Las Vegas agreed to a stay of the execution of Andersen's sentence so he could appeal the denial of his demand for a jury trial.

 

disagreed and affirmed the conviction. Andersen then filed the instant writ petition.

## DISCUSSION

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Redeker v. Eighth Judicial Dist. Court*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006), *limited on other grounds by Hidalgo v. Eighth Judicial Dist. Court*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008); *see also* NRS 34.160. However, this court will not issue a writ of mandamus where the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. For this reason, this court will generally not consider a writ petition that seeks review of a district court decision made within the court's appellate jurisdiction, "unless the petitioner demonstrates that the district court has improperly refused to exercise its jurisdiction, has exceeded its jurisdiction, or has exercised its discretion in an arbitrary or capricious manner" or "the petition present[s] a significant issue of statewide concern that would otherwise escape our review." *Amezcua*, 130 Nev. at 47, 48, 319 P.3d at 603, 604 (internal quotation marks omitted); *see also Redeker*, 122 Nev. at 167, 127 P.3d at 522 (explaining that this court may "exercise its discretion to grant mandamus relief where an important issue of law requires clarification"). It is this latter situation—the need to clarify our caselaw concerning the right to a jury trial for misdemeanor domestic battery charges in light of legislative amendments—that renders district court appellate review an

inadequate legal remedy and compels the consideration of Andersen's petition for a writ of mandamus.[2]

It is well established that the right to a jury trial, as established by the Sixth Amendment of the United States Constitution and Article 1, Section 3 of the Nevada Constitution, does not extend to those offenses categorized as "petty" but attaches only to those crimes that are considered "serious" offenses. *See Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989); *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968); *see also Blanton v. N. Las Vegas Mun. Court*, 103 Nev. 623, 628-29, 748 P.2d 494, 497 (1987) ("[T]he right to a trial by jury under the Nevada Constitution is coextensive with that guaranteed by the federal constitution."), *aff'd sub nom. Blanton*, 489 U.S. 538. In determining whether a particular offense is petty or serious, this "court must examine objective indications of the seriousness with which society regards the offense," and "[t]he best indicator of society's views is the maximum penalty set by the legislature." *United States v. Nachtigal*, 507 U.S. 1, 3 (1993) (internal quotation marks omitted). The word "penalty" encompasses both a term of imprisonment as well as other penalties proscribed by statute, but "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration." *Blanton*, 489 U.S. at 542; *see also Nachtigal*, 507 U.S. at 3. To that end, the United States Supreme Court has established that an offense with a maximum authorized period of incarceration of six months or less is presumptively petty. *Blanton*, 489 U.S. at 543. To overcome this presumption, and to demonstrate that an offense rises to the level of seriousness to warrant a jury trial, a defendant must "demonstrate that any additional statutory

---

[2]Andersen alternatively seeks a writ of habeas corpus. In light of this opinion, the request for habeas relief is denied.

penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a serious one." *Id.* (internal quotation marks omitted). With this framework in mind, we turn to the offense at issue in this matter.[3]

First-offense domestic battery is a misdemeanor crime, with a maximum authorized period of incarceration of six months. NRS 200.485(1)(a)(1). Thus, pursuant to Supreme Court precedent, there is a presumption that the offense is petty and that the right to a jury trial does not attach. Andersen does not appear to take issue with this presumption but argues the additional penalties elevate domestic battery to a serious offense.

We previously considered the additional penalties imposed by the offense of first-offense domestic battery and concluded that those penalties did not "clearly indicate a determination by the Nevada Legislature that this is a serious offense to which the right to a jury trial attaches."[4] *Amezcua*, 130 Nev. at 50, 319 P.3d at 605. However, just over one year after our decision in *Amezcua*, the Legislature amended the penalties associated with a conviction under NRS 200.485(1)(a).

---

[3]Andersen framed his claim for relief as a procedural due process violation under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). We reject that framework and instead analyze his claim according to the precedent established for jury right determinations.

[4]The additional penalties we considered were "a community-service requirement of not more than 120 hours and a fine of not more than $1,000." *Id.*

Specifically, NRS 202.360—a statute that prohibits the possession or control of firearms by certain persons—was amended to criminalize possession or control of a firearm in this state by a person who "[h]as been convicted in this State or any other state of a misdemeanor crime of domestic violence as defined in 18 U.S.C. § 921(a)(33)."[5] 2015 Nev. Stat., ch. 328, § 3(1)(a), at 1782. It is this amendment that distinguishes the instant matter from *Amezcua* and commands the conclusion that misdemeanor domestic battery is a serious offense.

In *Amezcua*, we held that a federal regulation restricting a convicted domestic batterer's possession of a firearm was not a direct consequence of a Nevada conviction for misdemeanor domestic battery. 130 Nev. at 50, 319 P.3d at 605. In so holding, we relied partly on the United States Supreme Court's reasoning "that the statutory penalties in other States are irrelevant to the question *whether a particular legislature deemed a particular offense 'serious.'*" *Nachtigal*, 507 U.S. at 4 (emphasis added) (quoting *Blanton*, 489 U.S. at 545 n.11). But now, although not included in the statute proscribing misdemeanor domestic battery, our Legislature has imposed a limitation on the possession of a firearm in Nevada that automatically and directly flows from a conviction for misdemeanor domestic battery. In our opinion, this new penalty—a prohibition on the right to bear arms as guaranteed by both the United States and Nevada Constitutions—"clearly reflect[s] a legislative determination that the offense [of misdemeanor domestic battery] is a

---

[5]18 U.S.C. § 921(a)(33)(A) (2012) defines a misdemeanor crime of domestic violence, in part, as a misdemeanor offense under state law that has as an element the use, attempted use, or threatened use of physical or deadly force against the type of victim that places the act in the realm of domestic violence.

serious one." *Blanton*, 489 U.S. at 543 (internal quotation marks omitted); *see also Pohlabel v. State*, 128 Nev. 1, 9-13, 268 P.3d 1264, 1269-72 (2012) (discussing the history of Article 1, Section 11(1) of the Nevada Constitution which provides citizens with the right to keep and bear arms). Unlike other penalties that we have concluded are not serious, *see, e.g., Blanton*, 103 Nev. at 631 & n.7, 748 P.2d at 499 & n.7 (considering a fine in the range of $200 to $1,000, loss of one's driver's license for a period of 90 days, and mandatory attendance of an alcohol abuse education course at the defendant's expense), the right affected here convinces us that the additional penalty is so severe as to categorize the offense as serious, *see generally McDonald v. City of Chicago*, 561 U.S. 742 (2010) (concluding the Fourteenth Amendment to the United States Constitution makes the Second Amendment fully applicable to the states); *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008) (concluding the Second Amendment to the United States Constitution confers an individual right to keep and bear arms); *see also Pohlabel*, 128 Nev. at 9-13, 268 P.3d at 1269-72. Given that the Legislature has indicated that the offense of misdemeanor domestic battery is serious, it follows that one facing the charge is entitled to the right to a jury trial.

Accordingly, we grant Andersen's petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order dismissing Andersen's appeal and proceed in a manner consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

Supreme Court
of
Nevada

(O) 1947A